## DUNLEAVY v. MAYFIELD *et al.*

No. 6117.   Opinion Filed February 29, 1916.

Rehearing Denied March 21, 1916.

(155 Pac. 1145.)

1.    **GUARDIAN AND WARD—Final Report of Guardian—Approval —Conclusiveness.**  Generally an order of a county court approving the final report of a guardian is conclusive on both the guardian and the ward, and impervious to collateral attack as to all matters properly included in such report; yet such order of approval is not to be extended by mere intendment to matters not actually or necessarily embraced in the report and determined by the order.  The order of approval is not an adjudication of the question of the guardian's negligence in failing to collect the assets of his ward's estate, unless that matter is covered by the report approved.

2     **SAME—Duty of Guardian—Negligence—Liability.**  It is the duty of a guardian to collect distributive shares and all other dues to which his ward is entitled, and the guardian is liable not only for the portion of the estate actually coming into his possession, but also for such part thereof as he might have secured possession of by the exercise of ordinary diligence, and, if moneys due the estate of his ward are lost on account of his failure to use reasonable care to collect the same, recovery may be had against him therefor.

(Syllabus by Bleakmore, C.)

*Error from Superior Court, Muskogee County;*

*Farrar L. McCain, Judge.*

Action by Charles Mayfield and another, minors, by Pete Scott, their guardian, against M. F. Dunleavy. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Charles A. Moon* and *Bailey & Wyand,* for plaintiff in error.

*Fred P. Branson,* for defendants in error.

Opinion by BLEAKMORE, C. This action was commenced in the superior court of Muskogee county on February 18, 1913, by the defendants in error, as plaintiffs, against the plaintiff in error, their former guardian, as defendant, to recover certain moneys which it is alleged plaintiffs were entitled to receive from the government of the United States by reason of their enrollment as Eastern Cherokees, and which, by the negligence of the defendant in failing and refusing to collect the same as guardian, were lost to them. Defendant answered that the moneys sought to be recovered were, without his knowledge or consent, paid by the agent of the federal government to the father and natural guardian of the plaintiffs; that such father was at all times insolvent, and an action therefor against him would have been useless and detrimental to the estate of the plaintiffs; that he had filed his final report as guardian of the plaintiff minors, which had been approved on October 22, 1910, and the amount due by him to the estate of his wards had been paid to his successor. The following facts were agreed to upon the trial:

"It is hereby agreed and stipulated by and between the respective parties to the above-entitled cause that the defendant, M. F. Dunleavy, was the duly appointed and qualified guardian of each of the above-named minors and of their estates from the 10th day of August, 1909, to the 22d day of October, 1910; that the said Dunleavy, as guardian of each of said minors, filed in the county court

of Muskogee county, Okla., his final reports of his acts and doings as said guardian of each of said minors; that the same was duly and legally advertised for hearing and heard by said county court on the 22d day of October, 1910, and that an order was made therein discharging the said guardian and his bondsmen from further liability on said day, and that Pete Scott is the duly appointed, qualified, and acting guardian of said minors at this time and the successor of the said Dunleavy; that Guion Miller, acting as the agent of the United States government and under the orders of the Court of Claims, had the exclusive management and charge of the paying out of the funds to all parties enrolled on the roll familiarly known as the Eastern Cherokee Roll, and that he made said payment in Oklahoma during the time that the said M. F. Dunleavy was guardian of said minors; that said payment was made during a period beginning about June 1, 1910, and ending August 22, 1910, at Muskogee; that during said time ——— Mayfield, father of said minors, appeared before the said Guion Miller and made demand for the payment to him as said parent of the money due to each of said minors, and that said Guion Miller paid said sum of money due to each of said minors to the said ——— Mayfield, the father of said minors.

"It is further agreed that the said final reports of the said Dunleavy made no mention of said sums received by said ——— Mayfield, father of said minors, and that no exceptions were filed to said report.

"It is agreed that either party may offer such other competent evidence as he may desire.

"It is agreed that the father of said minors is and has at all times been insolvent, and that a suit against him by the guardian would be a waste of costs against the estate of said minors."

There was trial to a jury, resulting in a verdict for plaintiffs.

Defendant contends that the action was barred under subdivision 3, sec. 4657, Rev. Laws 1910. There is no merit in this contention.

It is urged that there was error in overruling a demurrer to the petition. In our opinion, the petition is good against a general demurrer.

It is further contended that the order of the county court of Muskogee county approving the settlement of the defendant as guardian, from which there was no appeal, is conclusive upon the plaintiffs herein, and they are barred from the maintenance of this action. It specifically appears that the final report of the defendant as such guardian contained no reference even incidentally to the sums involved herein. Generally an order of a county court approving a final report and settlement of a guardian is conclusive on both the guardian and ward, and is impervious to collateral attack, as to all matters properly included in such report; yet such an order is not to be extended by mere intendment to matters not actually or necessarily embraced in the report and determined by such order. The order of approval is not an adjudication of the question of the guardian's negligence in failing to collect the assets of his ward's estate, unless that matter is covered by the final report approved. *Jessup v. Jessup,* 102 Ill. 480; *Wainwright v. Smith,* 106 Ind. 239, 6 N. E. 333.

At common law and under the statutes in force in this state it is the duty of a guardian to take possession of the estate and to collect the distributive shares and all other dues to which his ward is entitled; and a guardian is therefore liable, not only for the portion of the estate that actually comes into his possession, but also for such

part thereof as he might have secured possession of by the exercise of ordinary diligence on his part; and, if any moneys due the estate of his ward are lost on account of his failure to use reasonable care to collect the same, recovery may be had against him therefor. The court properly instructed the jury as to the law applicable, and there were no exceptions to the instructions given.

Defendant requested the court to peremptorily instruct the jury in his favor, and the refusal to give such instruction is assigned as error. There being evidence reasonably tending to support the allegations of the petition and to establish negligence on the part of the defendant, such instruction was properly refused.

It follows that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.