**BERRY v. TOLLESON et ux.**

No. 8965—Opinion Filed March 5, 1918.

Rehearing Denied May 7, 1918.

(172 Pac. 630.)

(Syllabus.)

**1. Guardian and Ward — Confirmation of Sale.**

The judgment of a county court in confirming a guardian's sale of real estate will be accorded like force, effect, and legal presumption as the judgments and decrees of other courts of general jurisdiction.

**2. Same—Mortgages — Sale — Validity of Lien.**

Where the probate proceedings as disclosed by the records are regular, and guardian's sale of real estate for cash, and the purchaser at such sale executes a mortgage upon said lands, the lien of the mortgagee will not be defeated upon proof that the sale was not, in fact, made for cash, but by an exchange of other real estate, where the mortgagee did not participate in this fraud or have notice sufficient to put him upon inquiry. Such exchange constitutes fraud upon the estate of the ward, and the sale may be set aside in an action against the purchaser or any person acquiring rights in said lands with knowledge, or chargeable with notice, of such fraud.

**3. Mortgages—Notice to Purchaser's Mortgagee—Evidence.**

The circumstances relied upon to charge the mortgagee with notice so as to put him upon inquiry, examined, and held not sufficient to charge him with notice of fraud in the guardian's sale.

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by W. D. Berry against R. E. Tolleson and wife. Judgment for defendants denying foreclosure and canceling mortgage, and plaintiff brings error Judgment reversed, and cause remanded, with directions to enter judgment for plaintiff.

Bennett and Pope, plaintiff in error.

Stuart, Cruce & Cruce, for defendants in error.

Ames, Chambers, Lowe & Richardson, amicus curiae.

OWEN, J. This action was brought by W. D. Berry in the district court of Garvin county to foreclose a mortgage executed by R. E. Tolleson and wife. Judgment below was for the defendants denying the foreclosure and canceling the mortgage.

Tolleson purchased the land in question at a guardian's sale, and executed a mortgage to Berry. This guardian's sale purported to sell the lands belonging to Charles Bruce and Thomas Hamm, minors. It is conceded the probate proceedings were in all things regular so far as the record discloses. It appears from the evidence that the sale was not in fact for cash, but was in exchange for certain other real estate; the exchange being accomplished by proceedings to reinvest the funds of the minors.

The case presents but two questions: First. Is a guardian's sale of lands, under an order of the proper probate court, apparently for cash, but where the purchaser pays for the land in other real estate, void to such an extent that the grantee cannot convey title thereto to an innocent purchaser for value? Second. If the sale is not void, is the plaintiff in error a purchaser for value and without notice, to the extent of his mortgage?

The county courts of this state in probate matters are courts of general jurisdiction, and the orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumption, force, and effect accorded those of other courts of general jurisdiction. Rice v. Theimer. 45 Okla. 618, 146 Pac. 702; Moffer v. Jones. 67 Okla. —, 169 Pac. 652; Welch v. Focht. 67 Okla. —, 171 Pac. 730.

Under the former holding of this court, where a guardian sells the land of his ward apparently for cash, but upon a secret understanding that property will be accepted in payment of the purchase price, the sale may be set aside in an action of the ward against

such purchaser, or any other person who acquires rights with notice of such fraud. Bridges v. Rea, 64 Okla. 115, 166 Pac. 416; Allison v. Crummey, 64 Okla. 20, 166 Pac. 691. Our attention has not been directed to any case in which it has been held by this court that such fraud on the part of the guardian and the purchaser rendered the sale void as against innocent purchasers for value.

Counsel insist that, the court having no jurisdiction to order a sale except for cash, as required by section 6557, Rev. Laws 1910, no title passed to the purchaser. This section requires the sale to be made for cash only, and the records of the sale show a sale for cash, receipt of cash by the guardian, and a confirmation of the sale by the court. This was exactly the sort of a sale required by the statute so far as the records disclose. In a proper action brought by the minors against the purchaser this sale would have been held void for the reason that he was a party to the fraud, not for the reason that the estate did not benefit by the sale. We have the same condition as if there was no consideration whatever passed from Tolleson to the guardian. or if the guardian, after receiving the money, had misappropriated it. He is liable under his bond to the minors to the extent of their damage as the result of this fraud. The statute requires a bond to cover the proceeds of the sale in addition to the general bond of the guardian, and was enacted to meet conditions arising from just such fraud as appears here. This bond contemplates a sale being conducted as provided by law. It covers the collection and retention of the purchase price. If the guardian fails to collect, or, after collecting, fails to retain the purchase price, the liability accrues upon his bond. Dunleavy v. Mayfield. 56 Okla. 470, 155 Pac. 1145; Allison v. Crummey. supra; In re Potter's Estate, 249 Pa. 158. 94 Atl. 465, L. R. A. 1916A, 637.

To give the orders and decrees of the county court full faith and credit in probate matters, where the proceedings are in all things regular and proper, innocent purchasers for value must be protected. Probate sales in this state are entitled to the same faith and credit of any judicial sale, and will not be set aside as against an innocent purchaser on proof of secret agreements between the guardian and the original purchaser. which are not disclosed by the record and cannot be ascertained by such investigation as would ordinarily be made by a reasonably prudent person. To hold otherwise would mean that the purchaser at

guardian's sale would not pay the full value for the land. Such title would be rendered practically unmarketable. As was said by this court in the case of Allison v. Crummey, supra:

"On the other hand, if such sales which are perfectly fair on their face and appear to have been conducted according to law and have been approved by the court are held to be good as against a claim for fraud, arising out of such secret understanding, stability will be given to such titles, and purchasers using proper caution will be induced to pay a fair value for such lands."

In support of the contention that Berry was not an innocent purchaser counsel rely principally upon two circumstances. When the mortgagee was en route to examine the lands, before making the loan, he was introduced to the father and guardian of the minors, and informed that he was the man from whom Tolleson was purchasing the land. And before the money had been advanced on the loan, a petition had been filed by the guardian asking leave to invest the funds of these minors in other estate. Counsel insist that, if Berry had made inquiry of the guardian concerning these lands, and the terms of sale, he would have been advised that the sale was not, in fact, for cash, but to be made in exchange for other real estate, and that he was chargeable with this notice. The filing of the petition to invest the funds in other real estate of approximately the same value, it is urged, was sufficient to arouse the suspicion that this was not, in fact, to be done, but was merely an exchange of real estate. These circumstances, to our minds, were calculated to allay rather than arouse suspicion. We fail to see anything to arouse suspicion in the mere fact that Tolleson introduced his grantor to Berry. The records showing the sale was made for cash and the cash received, it was not a suspicious circumstance to learn from the record that the guardian, having the cash on hand, desired to reinvest it in other real estate. The statute requires this duty of the guardian, if in his judgment a reinvestment will be profitable to the minors. Under section 6569, Laws 1910, the county court may authorize and require the guardian to invest the proceeds of sales in other real estate. To learn from the record that the court had ordered this to be done would not, in our opinion, be such a suspicious circumstance as to render Berry a purchaser with notice. That Berry advanced $12,000 there is no question, and it is not contended he had actual notice of the exchange of property.

The essential elements which constitute a bona fide purchaser are a valuable consideration, the absence of notice, and the presence of good faith. If any one of these essential elements is lacking, a person is not a bona fide purchaser as the term is known to the authorities. 8 C. J. 1146.

The rule is well settled that Berry is chargeable with any knowledge he would have received upon inquiry, if the circumstances mentioned were such as to arouse the suspicions of a reasonably prudent man, or to suggest to his mind any such irregularity in the proceedings as might affect the sale. The trial court considered these circumstances sufficient to put Berry upon inquiry. We are compelled to take a different view.

Therefore the judgment of the lower court will be reversed, and the cause remanded, with directions to enter judgment for plaintiff foreclosing the mortgage according to its terms.

All the Justices concur.