## WINSTED v. SHANK et al.

No. 8647—Opinion Filed July 2, 1918.

(173 Pac. 1041.)

(Syllabus.)

**1. Guardian and Ward — Fraudulent Sale of Ward's Land — Setting Aside Sale.**

Where a guardian sells the land of his ward upon a secret understanding that the purchaser shall not pay for same, but will immediately convey the lands to the wife of the guardian, and the sale is confirmed by the court and deed executed and delivered to the purchaser, such facts constitute a fraud upon the estate of the ward, and the sale may be set aside in an action against such purchaser and all persons who acquired rights in said lands with notice of such fraud.

**2. Same—Purchase by Guardian.**

A guardian cannot, directly or indirectly, purchase any property belonging to his ward, nor must he be interested in any sale thereof.

**3. Same — Vendor and Purchaser — "Bona Fide Purchaser"—Notice.**

A purchaser, or incumbrancer, from the vendee of a guardian's sale, with notice of such fraud as renders the sale void, is not an innocent purchaser, even though he pays a valuable consideration. The essential elements which constitute a "bona fide purchase" are valuable consideration, absence of notice, and the presence of good faith.

**4. Vendor and Purchaser — Bona Fide Purchaser—"Notice."**

Whatever is "notice" enough to excite attention and put a reasonably prudent person on his guard and calls for inquiry, is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant with it.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by Herbert L. Winsted, a minor, by D. B. Crewson, next friend, against Ernest F. Shank and others. Judgment for defendants, and plaintiff brings error. Reversed, and cause remanded, with directions to quiet title in plaintiff.

David B. Crewson and E. G. Wilson, for plaintiff in error.

C. B. Holtzendorff, P. W. Holtzendorff, and L. S. Robson, for defendants in error Bocock, Whisenhunt, and the Eddy heirs.

OWEN, J. This action was brought by plaintiff in error, in the district court of Rogers county, to cancel certain conveyances and quiet title to the land described, the same being plaintiff's allotment of land in the Cherokee Nation. Judgment below was for defendants and plaintiff brings the case here.

Henry H. Winsted, while acting as the legal guardian of the plaintiff, conveyed the land in question by guardian's deed to defendant Ernest F. Shank. This deed was dated February 12th, and recited a consideration of $2,550. Shank conveyed the land by warranty deed to Ada A. Winsted on February 13th, this deed reciting consideration of $2,600. The conveyances from the guardian to Shank and from Shank to the guardian's wife, Ada A. Winsted, were each without consideration, and were made by agreement of the parties to enable the guardian to secure a loan on the premises, the money to be used in the payment of certain indebtedness of the guardian to the Wood Lumber Company, of which Shank was an employe. A sale made under these conditions constitutes fraud upon the estate of the ward, and may be set aside in an action against the purchaser or any person acquiring rights in the land with knowledge of such fraud. Berry v. Tolleson, 68 Okla. 158, 172 Pac. 630; Langley v. Ford, 68 Okla. 83, 171 Pac. 471; Allison v. Crummey, 64 Okla. 20, 166 Pac. 691; Bridges v. Rea, 64 Okla. 115, 166 Pac. 416; Burton v. Compton, 50 Okla. 365, 150 Pac. 1080.

On the same day that Shank executed a warranty deed to Ada A. Winsted, he exe-

cuted two mortgages to J. C. Eddy, one for $1,000 and one for $150. These mortgages and the deed to Ada A. Winsted were executed at the same time and place and before the same notary public, and the mortgages delivered to this notary public by Shank. Shank executed these mortgages at the instance and request of his employer, Wood, and the guardian, Winsted, without profit to himself, but to enable Winsted to obtain the money to pay on his indebtedness to Wood. Shank's testimony is to the effect that he had no negotiations with Mrs. Winsted, or Eddy, who did not reside in Oklahoma, but that he saw Eddy's representative. There is no evidence offered as to who this representative was, but Shank's testimony is that he delivered the note and mortgages to Mr. Sunday, notary public, before whom they were acknowledged; that he delivered the deed and the check received on the mortgage to Mr. Winsted, the guardian. The guardian's deed to Shank appears to have been placed on record at 8 o'clock a. m., the mortgage for $1,000 to Eddy at 9 o'clock a. m., the mortgage for $150 at 9:15 o'clock a. m., and the deed from Shank to Mrs. Winsted at 9:30 o'clock a. m., February 13th. There was no proof offered on the part of Eddy, and from the circumstances enumerated we must determine whether Eddy was an incumbrancer without notice. One who purchases or incumbers from the vendee at the guardian's sale, with notice of such fraud as renders the sale void, is not an innocent purchaser, even though he pays a valuable consideration. One of the essential elements which constitute a bona fide purchaser is the absence of notice. Berry v. Tolleson, supra. The proof is not clear as to whether Winsted or the lumber company, in fact, received the $1,000. Eddy alleged in his separate answer that he advanced the $1,000 on the mortgage, and for the purposes of this case we assume that this allegation is true. But every person who has actual notice of circumstances, sufficient to put a prudent person upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have notice of the fact itself. Section 2926, Rev. Laws 1910; Cooper v. Flesner, 24 Okla. 37, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; Daniel v. Tolon, 53 Okla. 666, 157 Pac. 756; Thomas v. Huddleston, 65 Okla. 127, 164 Pac. 106; Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807. In the case of Langley v. Ford, supra, where a similar state of facts, where the title passed from the guardian to Hayes, who executed a mortgage and immediately con-

veyed to the guardian's wife, the mortgagee was held to be chargeable with notice of the fraud by reason of the knowledge of the local agent with whom the loan was negotiated. These mortgages and the deed to the wife of the guardian, being executed at the same time and place and placed upon the records simultaneously, must be considered together and as a part of the same transaction, the acknowledgment being taken before the same notary public to whom the mortgages were delivered, and must be held sufficient to put a reasonably prudent man upon inquiry, and to charge him with notice of the fraudulent sale.

It further appears that Ada Winsted, by warranty deed in which her husband joined, conveyed the land in question on August 1, 1913, to defendant Bocock for a consideration of $2,300, $1,000 of which was to be paid by assuming the mortgage to Eddy. On December 1, 1913, Bocock conveyed to defendant Whisenhunt, the deed reciting a consideration of $3,000, but the proof being to the effect that the consideration was only $2,300. Whisenhunt suggested to Bocock that he buy the land. Bocock says he talked with Winsted, but had no dealings whatever with his wife, Ada Winsted; that he understood one of them was guardian for plaintiff, but he did not know which. He made no inquiry as to the guardian's sale, but was assured by Winsted that the title was good, and relied upon the record as shown by an abstract delivered to him. He was chargeable with the record showing the transfer of the title from the guardian to Shank, and by Shank immediately to the guardian's wife, and was chargeable with knowledge under the law that a sale made by the guardian to his wife, though indirectly, was void. In the case of Burton v. Compton, supra, it was held, where a guardian sells his ward's real estate to his wife, the deed is void regardless of the absence of fraud, adequacy of price, or apparent regularity of proceedings. The statute (sections 6409 and 6565) prohibits the guardian from being interested in any sale of his ward's real estate. The record disclosing the immediate transfer of title from Shank to the wife of the guardian, considered in connection with the fact that Bocock was dealing with the guardian and not the wife, was sufficient to put Bocock upon inquiry, and is sufficient to charge him with notice that Mrs. Winsted, his grantor, was not a bona fide owner of this land. Whisenhunt was chargeable with the same notice, and acted in conjunction with Winsted in making the sale of Bocock. His purpose, so he claims, was to collect a debt from Winsted.

According to his testimony, he was assisting Winsted to make a sale of the land belonging to Winsted's wife, but understood the consideration was to be paid to Winsted, and from this consideration he would be able to collect his own debt. He says he paid $1,300 to Bocock, less the amount of indebtedness from Winsted, which Bocock had deducted. There is no explanation as to why Bocock's deed to him recited a consideration of $3,000. In view of these circumstances, we think that neither Bocock nor Whisenhunt were without notice.

We are of the opinion that the judgment of the lower court is clearly against the weight of the evidence. The judgment is therefore reversed, and the cause remanded, with directions to cancel the mortgages and the deed in question, and enter a decree quieting title in plaintiff.

All the Justices concur, except TURNER and BRETT, JJ., not participating.