ANSLEY et al. v. GAULT et al.

No. 9329—Opinion Filed Feb. 25, 1919.

(179 Pac. 16.)

(Syllabus.)

1. **Guardian and Ward—Sale by Guardian—Action for Purchase Money—Defenses.**

A defendant in a suit by a guardian to collect amount bid by the purchaser at a guardian's sale for certain lands may resist the payment of the purchase money upon the ground that the guardian's deed was void for the reason that the court had no jurisdiction of the subject-matter and was without authority to convey title to any interest in the land sought to be sold.

2. **Same—Caveat Emptor—Consolidation.**

The doctrine of caveat emptor does not apply to cases in which the court has no jurisdiction to direct the sale of the land for which the purchaser bid. The promise to convey the title held by the ward is the consideration for the bid. If the judgment cannot invest the bidder with title to any interest in the land, the bid is without consideration and cannot be enforced.

3. **Same—Guardian's Sale—Action for Purchase Money.**

Where the guardian undertook to sell his wards' interest in certain lands, advertising they inherited a two-thirds interest in said lands from their deceased father, the purchaser at the sale may resist the payment of the bid upon the ground that the father during his lifetime conveyed the land and the minors inherited no interest in same.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Nina Pearl Ansley and Henry Ray Ansley, minors, by their next friend and legal guardian, Dolly May Ansley, against Edward Gault and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

Kent V. Gay, for plaintiffs in error.

L. S. Dolman, for defendants in error.

OWEN, J. This action was brought by plaintiffs in error to recover the difference between the amount bid by the defendants in error at a guardian's sale for the purchase of certain land and the amount for which said land was sold at a resale. The

land was part of the allotment of Gilbert Ansley, deceased, and the guardian claimed that her wards had inherited a two-thirds interest at the death of Gilbert Ansley. Notice was given at the sale that E. T. Richards claimed to be the owner of this land under a conveyance executed by Gilbert Ansley during his lifetime. The attorney conducting the sale for the guardian assured the bidders that Richards' claim was without merit and that the title was in the minors. The sale to defendants was confirmed by order of the court, and the guardian's deed executed and tendered to the defendants with a draft for the purchase price attached. In the meantime the defendants had made an examination of the records, which disclosed the conveyance from the allottee during his lifetime and for that reason refused acceptance of the deed and payment of the draft. Judgment below was for the defendants.

A probate sale in this state will be given the same credit, force, and effect of any other judicial sale (Berry v. Tolleson, 68 Okla. 158. 172 Pac. 630) and ordinarily the rule of caveat emptor will apply to such sales (In re Standwaitie's Estate, 73 Oklahoma, 175 Pac. 542; Stonerock v. Wisner, 171 Iowa, 109, 153 N. W. 351, L. R. A. 1915E, 834, Ann. Cas. 1917E, 252). But, where the court does not have jurisdiction of the subject matter, the sale is void for want of consideration, and the purchaser will not be required to pay the amount of his bid. Zufall v. Peyton, 26 Okla. 808, 110 Pac. 773, 29 L. R. A. (N. S.) 740; Barnard v. Bilby, 68 Okla. 63, 171 Pac. 444; 24 Cyc. 65; Freeman, Void Judicial Sales, § 48.

In the case of Zufall v. Peyton the action was to recover the purchase price bid at an administrator's sale, at which the administrator could not under the law convey title. It was there held the promise to convey the title was the consideration upon which the bid was made, and that the rule of caveat emptor does not apply to cases in which the court has no jurisdiction to direct the sale and no power to convey the title. In the instant case it appears the title had been conveyed by the allottee during his lifetime and therefore the minors inherited no interest in the land. So long as that conveyance remained uncanceled the probate court had no authority to pass the title, and there was consideration to support the bid made by defendants.

The weight of authority appears to support the contention made by plaintiffs in error that the purchaser at a judicial sale buys without warranty and takes only such interest as is owned by the minors, and that a defect in the title will not relieve the purchaser from paying the amount of his bid. But a different question is presented in this case. The probate court was without authority to sell land in which the minors owned no interest. No interest in the land sought to be sold was inherited by the minors. Therefore the bid was without consideration to support it.

The doctrine of caveat emptor as it applies to judicial sales is based upon the theory that the purchaser buys only such estate or interest as the debtor or minor has, and the bidder is bound to take notice of what that interest is. If the minors had inherited some interest in this land, the purchaser, being aware of the facts, but mistaken as to the amount of the inheritance, might be bound by his bid. That is the question argued by plaintiffs, but necessarily to determine under the facts presented. Under the facts presented the minors had no interest whatever, and if the rule of caveat emptor be strictly applied, they would be permitted to recover the purchase price of land belonging to a stranger to the proceedings and against whom the proceedings would be without effect. In the case of Barnard v. Bilby, supra, it was held that probate courts do not have jurisdiction to authorize an administrator to sell lands that are not assets of the decedent's estate, and also that, where the title of a stranger is attempted to be conveyed by an administrator's sale, such stranger is not bound by the sale proceedings, although the sale is in all things regular as disclosed by the record.

The judgment of the lower court is affirmed.

All the Justices concur, except RAINEY, J., not participating.