PENNY v. ALLIANCE TRUST CO. et al.

(Circuit Court of Appeals, Eighth Circuit. May 13, 1919.)

No. 5201.

1. GUARDIAN AND WARD ⬯81—SALE OF LANDS—JURISDICTION OF COURT. .
    The probate court of Oklahoma had jurisdiction to order a sale of land belonging to a minor Choctaw Indian, and the circumstance that the Indian's guardian intended to take property instead of cash for the land, though known to the court, if a violation of the guardian's duty, was not a matter affecting the jurisdiction of the court to make the order of sale and an order confirming it, which orders were not void, but at most voidable.

2. GUARDIAN AND WARD ⬯108—SALE OF LAND—INNOCENT PURCHASER.
    Even where orders of the probate court, for sale of a minor Choctaw Indian's land by his guardian, and confirming sale, are voidable, such action will not be taken to the prejudice of an innocent purchaser for value.

3. GUARDIAN AND WARD ⬯105(1)—PREJUDICE OF INNOCENT MORTGAGEE.
    In suit by the guardian of a minor Choctaw Indian to have his deed covering his ward's land set aside, as obtained by fraud and misrepresentation, a suit to which the mortgagee of the grantee mortgagor was not a party, judgment canceling, setting aside, and vacating the guardian's deed did not relate back, to the prejudice of the innocent mortgagee for value.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Joseph W. Woodrough, Judge.

Suit in equity to foreclose a mortgage by the Alliance Trust Company and G. A. Ramsey against Willie Grace Penny. From a decree of foreclosure, defendant appeals. Affirmed.

F. E. Riddle, of Tulsa, Okl. (Harry Hammerly, of Chickasha, Okl., and Stuart, Cruse & Riddle, of Oklahoma City, Okl., on the brief), for appellant.

A. N. Gossett, of Kansas City, Mo. (Barefoot & Carmichael, of Chickasha, Okl., and W. H. Clark, of Muskogee, Okl., on the brief), for appellees.

Ames, Chambers, Lowe & Richardson, of Oklahoma City, Okl., amici curiæ.

Before SANBORN and STONE, Circuit Judges, and TRIEBER, District Judge.

STONE, Circuit Judge. From a decree foreclosing a mortgage on Oklahoma land defendant appeals. The land, patented to appellant, a minor Choctaw Indian, was deeded by his guardian to the mortgagor. Appellant claims that no title passed to the mortgagor, for the two reasons that the deed was absolutely void, and that, if not void, it was, as to this mortgage, voidable, because of notice of lack of authority in the guardian. This claim is founded upon the following propositions: The law of Oklahoma permits guardians to sell lands of minor wards through proceedings in the probate court, consisting generally of application for order of sale, order of sale, and confirmation of sale. There is no authority to exchange such lands.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

·for other lands or property. The guardian made a contract with the husband of the mortgagor to exchange this land for other lands. To carry out this arrangement a clause of the contract recognized and provided for the necessity of an apparent sale of this land through the probate court. In accordance therewith an application was made to the court to sell the land, an order secured therefor, a report of sale for $5,000 cash to the mortgagor returned to the court, upon which was entered an order confirming the sale and ordering the guardian to execute a deed to the mortgagor for the land. The deed was executed, but in place of cash payment for the land the exchange was carried through under the agreement. Appellant expressly disclaims any charge that the court acted corruptly or with any improper motive in the above proceedings, but claims that it did have knowledge that the sale was only formal, and that the real transaction was an exchange of properties. Appellant contends that this knowledge of the court deprived it of jurisdiction to make the orders of sale and confirmation upon which the deed was based, and therefore that the deed is void. The position of the appellee upon this contention is that the probate court had jurisdiction over sales of this minor's lands; that this proceeding was on its face, as shown by all of the records of that court, a regular and proper sale; that this proceeding cannot be collaterally attacked for alleged jurisdictional defects dehors the record to the prejudice of it, an innocent purchaser for value. Conceding, for the present, that appellee is such innocent purchaser, the first inquiry presented by these contentions of the parties is whether this court proceeding is open to this character of attack.

[1, 2] The rule of public policy which guards judicial judgments from collateral attack, is not only salutary, but necessary. To make judgments unstable is to make courts ineffective. One important purpose for making judgments and the records upon which they are founded public is that they may be relied upon and acted upon. If the court has power to take the action it did take, the verity of that action is impervious to collateral attack. The court has such power, if it has jurisdiction of the persons affected, of the subject-matter, and to make the kind of order entered. Here there can be no question that the probate court had jurisdiction to order sales of land belonging to minor Choctaw Indians. The proceedings were of this character, and were, so far as shown by the record, entirely regular. The circumstance that the guardian intended to take property, instead of cash, for the land, may have been a violation of his duty, but it was not a jurisdictional matter. Nor did the knowledge of such circumstance by the court in advance of the judgment in any way affect the jurisdiction of the court to make an order of sale and to make an order confirming a sale. Such orders are not void,. but at most only voidable. Even where voidable, such action will not be taken to the prejudice of an innocent purchaser for value. Berry v. Tolleson (Okl.) 172 Pac. 630.

Appellant's second contention is that appellee, at the time it took its mortgage, had notice of the real character of the transaction, or that the surrounding circumstances put it upon inquiry which would have

resulted in notice. This is a question of fact to be resolved from the testimony. A careful examination of all of the evidence, even in the light of argument advanced by counsel for appellant, convinces us that the trial court correctly found that neither actual notice, nor circumstances requiring inquiry which would have resulted in notice, existed.

[3] Appellant's final contention is that, shortly after the mortgage was executed, the guardian successfully sued in the state court to have the deed from him to the mortgagor set aside, because obtained by fraud and misrepresentation, and that such judgment avoiding the title of the mortgagor would defeat that of the mortgagee. The mortgagee was not a party to that suit. It is clear that the effect of such a judgment which "canceled, set aside, and vacated" the deed was not intended to, and could not, relate back to the prejudice of an innocent mortgagee for value.

The judgment is affirmed.