## MOTT v. NELSON.

No. 14330—Opinion Filed Nov. 20, 1923.

(Syllabus.)

**1. Sales—Failure to Pay Price — Right to Reclaim Property.**

Where goods are sold for cash and delivered, the vendor taking the vendee's check for the price, which on presentment within due time is dishonored, title to the goods does not pass, and the vendor may reclaim the property from the vendee and any party who has no greater equities.

**2. Appeal and Error—Questions of Fact— Findings of Court.**

A jury case having been tried to the court without a jury, a general finding by the court in favor of one of the parties will be given, upon appeal, the same weight and effect as a verdict of a jury.

**3. Same — Judgment — Insufficiency of Evidence.**

An examination of the testimony discloses that there is no evidence reasonably tending to suppport the judgment of the trial court, and the judgment therefore is not sustained by sufficient evidence.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by R. C. Mott, doing business under the firm name of R. C. Mott Motor Company, against Todd Nelson, doing business under the trade name of Nelson Auto Market. Judgment for defendant and plaintiff brings error. Reversed and remanded, with directions.

Everest, Vaught & Brewer, for plaintiff in error.

Harry W. Priest and M. R. Belisle, for defendant in error.

COCHRAN, J. This action was commenced by the plaintiff in error against the defendant in error to replevy one Hupmobile touring car. The possession of the automobile was obtained by the plaintiff in error upon a replevin writ, and upon the trial of the case judgment was awarded against

him for the value of the car in the sum of $1,300. The parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

The plaintiff was engaged in the automobile business in the city of Tulsa and was the agent for the Hupmobile at that place. About six o'clock p. m., March 23. 1922, R. H. Hale purchased the automobile from the plaintiff and gave his check for $1,395 in payment therefor. The next morning the plaintiff ascertained that the check was worthless and that Hale had never had a deposit with the bank on which the check was drawn. A bill of sale was given by the plaintiff to Hale for this car and was stamped "Paid." Hale drove the car from Tulsa to Oklahoma City and executed a bill of sale therefor to Tom E. Sullivan on the morning of March 24, 1922. Sullivan took the car immediately to defendant, Todd Nelson. who is engaged in the second hand automobile business in Oklahoma City, and sold same to Nelson for $700. A few minutes after the defendant got possession of the car, an employe of the McClelland-Gentry Company discovered that a new car was being offered for sale by the second-hand dealer for $1,000, and he immediately notified the state agent for the Hupmobile company located in Oklahoma City of that fact. This dealer made an investigation and ascertained that the car was one which had been sold a short time before to the plaintiff. and he then got in communication with the plaintiff and ascertained from him how the car had been procured. The matter was also reported to the police department. which made an immediate investigation of the same. The defendant testified that he bought the car about ten o'clock in the morning. The other witnesses testified that the car was found in the defendant's possession about 8:30 or 9 o'clock on the morning of March 24, 1922. Except for this discrepancy there is practically no conflict in the testimony, and it shows that Hale appeared in Oklahoma City with this car early on the morning of March 24, 1922. and delivered the same to Sullivan, giving him a bill of sale therefor; that Sullivan sold the car to the defendant between 8.30 and 10 o'clock on the morning of March 24th; that the defendant knew the car was "a brand new car"; that the speedometer showed it had been driven 154 miles; that he also knew that Sullivan's reputation for fraudulently procuring automobiles was bad; but, notwithstanding that fact, he purchased a new automobile, which had been driven only 154 miles and which was of the value of $1,395 now, for $700 and the only in-

quiry he made in regard to the same was to ascertain from Sullivan from whom he had procured the car and inspect the bill of sale from Hale to Sullivan, and Sullivan told him that he had bought the car from Hale for $500 cash and note for $800 secured by a mortgage on some land. He made no inquiry to ascertain from whom Hale had purchased the car and whether the transaction was a bona fide one. and attempted to make no further investigation beyond the transaction between Hale and Sullivan. He made no inquiry of the police department of Oklahoma City nor of the Oklahoma City agency for the Hupmobile car, nor any other investigation which would have occurred to an ordinarily prudent man to. make in view of the suspicious circumstances in connection with this transaction. It further appears that if such investigations had been made and pursued with reasonable care and diligence the fraudulent transaction would have been revealed. As between the plaintiff and Hale, the title to the automobile did not pass. McIver v. Williamson - Halsell - Frasier Company, 19 Okla. 454, 92 Pac. 170. The acceptance of the buyer's check was only a conditional payment, and the check having been dishonored on due presentation, the seller had the right to reclaim the property from the purchaser. People's State Bank of Michigan Valley v. Brown (Kan.) 103 Pac. 102. 23 L. R. A. (N. S.) 824; First National Bank of Byars v. Griffin, 31 Okla. 382. 120 Pac. 595. In the case last cited, a portion of the syllabus is as follows:

"Where goods are sold for cash and delivered, the vendor taking the vendee's check for the price, which on presentment within due time is dishonored, title to the goods does not pass, and the vendor may recover the value thereof from the vendee and any party who has no greater equities."

It is contended by the defendant that he was a bona fide purchaser of the automobile for value and without notice of the infirmities in the transaction between the p'aintiff and Hale, and that the plaintiff, having furnished Hale with the indicia of ownership and accepted the check from Hale in payment of the car, should not be permitted to recover from the defendant. It is also contended that this was a question of fact to be determined in the trial of the case, and that there is evidence reasonably tending to support the finding that the defendant was a purchaser of the car in good faith. With this contention we cannot agree. The defendant in this case had actual notice of circumstances sufficient to put a prudent person upon inquiry as to the original purchase of the car, and, having

omitted to make such inquiry with reasonable diligence, is deemed to have notice of the facts in connection with the original sale. Winsted v. Shank, 68 Okla. 269, 173 Pac. 1041. We cannot find from an examination of the record any evidence which reasonably tends to support the view that the defendant in this case was a bona fide purchaser for value without notice. It was evident to the defendant that this car had been off of the floor of the sales room only a day or two, just sufficient time for it to have been driven 154 miles, and during that period of time it had been sold by the original purchaser and was offered early in the morning for sale to defendant at about one-half the value of a new car by a man whose reputation was known to him to be that of a person who procured automobiles in a fraudulent manner, and yet no inquiry was made by the defendant beyond the purchase by Sullivan from Hale. Under these circumstances, if he is to be considered an innocent purchaser, he is entirely too innocent to be in the second-hand automobile business. No inquiry whatever was made by him in regard to the original sale, which, as an ordinarily prudent person, he must have known had been made somewhere within a distance of 150 miles of Oklahoma City and within a day or two prior to that time. No inquiry was made by him to ascertain whether the original purchaser had given a mortgage on the car to the dealer, whether he had stolen it from the dealer or procured it through fraud. In fact, the defendant apparently had no desire to get any information in regard to the original transaction. Testimony was introduced by the defendant tending to show that $700 was a fair value to give for this car by a second-hand dealer; but the fact that such may have been considered a fair value does not alter the situation, as the defendant knew the car was new and that a new car cost $1,395, which would be sufficient to place him upon inquiry in regard to the title to this property. It is true defendant attempts to explain why Sullivan took $700 for the car by saying that Sullivan had bought the car for $500 and a note secured by a mortgage on some land, but he made no inquiry to ascertain why the man who sold the car to Sullivan should be selling a car which he had just purchased for $1,395 for $500 and a note.

It is our opinion that the judgment of the trial court should be reversed, and cause remanded, with directions to grant a new trial.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.