## Cole v. Hunter

*H. L. Thomas,* for plaintiff; *R. J. Manning* and *S. F. Coar,* for defendant.

LEACH, J., October 23, 1933. — Judgment in this case was entered upon a bond accompanied by a mortgage. A sci. fa. was issued on the said bond, and judgment was entered upon the sci. fa. Execution thereafter followed, and thereupon this rule was taken to let in the defense that the defendant is a married woman, and the obligation was given as surety for the debt of another. It appears that originally the plaintiff was the landlord of one Latting, and a landlord's warrant was issued for rent in arrears. Thereupon Latting took out a writ of replevin to recover the goods, and the defendant, Mabel Shields Hunter, went on the bond as surety and signed her name as "Mabel Shields," stating under oath that she was a widow and not a married woman. Judgment having been obtained in the replevin by plaintiff, defendant for the first time revealed that she was a married woman at the time of signing the replevin bond and of giving this bond and mortgage in satisfaction of the claim.

She cannot now contradict her solemn record in the court to the effect that she was not a married woman at the time she signed the bond. The records of the court import solemn verity, and a person once having made a record cannot thereafter contradict himself: Potter's Estate, 249 Pa. 158; Hoffman v. Custer et al., 2 Wh. 453; Sheip et al. v. Price-Page & Co., 3 Pa. Superior Ct. 1; Leedom v. Lombaert et ux., 80 Pa. 381.

478

It is true as set forth in many cases: Murray v. McDonald, 236 Pa. 26; Pine Brook Bank v. Kearney, 303 Pa. 223; that a positive statute refuses the right to a married woman to execute a bond, and relief will be given because such action contravenes public policy. However, in the case at bar, the defendant removed herself from the protection of the statute by her solemn oath that she was not within its protection. She cannot be permitted to come into court and contradict her own record upon faith of which the plaintiff and the court acted.

Now, October 23, 1933, the rule to open judgment is discharged.

From William A. Wilcox, Scranton, Pa.