CAMDEN COUNTY COURT OF COMMON PLEAS.

ALICE R. ADAMS, SARAH DeLECROIX REED AND JEANETTE ARTHUR, PLAINTIFFS, v. CAMDEN SAFE DEPOSIT AND TRUST COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.

Decided December 18, 1936.

For the plaintiffs, *Carl Kisselman*.

For the defendant, *Frank S. Norcross* (*Walter S. Carroll*, on the brief).

NEUTZE, C. P. J. This matter comes before the court on the motion of plaintiffs to strike the answer of the defendant and they ask for a summary judgment.

Elizabeth Clement died in this county on March 12th, 1933. Shortly thereafter defendant filed for probate in the surrogate's office of Camden county the last will of decedent together with codicil. The will provided among other things as follows:

"6. I give, devise and bequeath all the rest, residue and remainder unto Camden Safe Deposit and Trust Company upon trust to hold and invest the same and to pay the net income unto my sister, Sarah C. Githens, during the term of her natural life.

"7. At and after the death of my said sister (a) I do give and bequeath the sum of $2,000 unto my niece Alice Adams."

One of the plaintiffs in this suit is the same Alice R. Adams named as "my niece Alice Adams" in the aforesaid will.

On January 22d, 1935, said Sarah C. Githens died.

On October 29th, 1934, according to the release on file in the office of the surrogate of this county, the defendant in this case, as trustee, received "the sum of $7,691.79."

The aforesaid will also provides:

"7. At and after the death of my said sister: (b) I do give and bequeath the sum of $1,000 unto my niece Sarah DeLecroix."

The sister referred to is Sarah C. Githens. The plaintiff Sarah DeLecroix Reed in this suit is the same person named in the aforesaid will as "my niece Sarah DeLecroix," she having since intermarried.

Said will also provided:

"7. At and after the death of my sister: (c) I do give and bequeath the sum of $2,000 unto my niece Jeanette Arthur."

The sister referred to is the aforesaid Sarah C. Githens. The plaintiff Jeanette Arthur in this suit is the same person named in the will as "my niece Jeanette Arthur."

Plaintiffs contend and claim in their complaint that because it appears from said release that the defendant has the money in hand, the respective legacies of the plaintiffs should be paid and this suit is brought to enforce payment accordingly. The defendant contends in the answer filed in this case that securities passed under the release and not cash or money and the legacies cannot be paid at this time because no funds are available. Plaintiffs moved to strike the answer on the ground that it is both sham and frivolous but at the hearing of the motion counsel for the plaintiffs stated in open court that he would press only the notice to strike on the ground that the answer is sham and that he abandoned the claim that the answer is frivolous.

I will not strike the answer on this ground but will go to the merits of the controversy, which counsel agreed I might do, under the pleadings and affidavits submitted. I need not recite the facts again.

The question arises whether the defendant may now come into court and vary the terms of the release already on file in the surrogate's office, by offering proof that it was not money

that passed under the release but securities, which if proven and found as a fact would justify the defendant in saying to the plaintiffs, "we cannot pay your legacies because no money is available to meet the payments."

The general rule is that oral evidence cannot be introduced to vary the terms of a written instrument. This is especially true of a release.

5 *Wigmore on Evidence* 311, § 2432, *tit.* "*Receipts and Releases,*" says:

"A receipt—*i. e.,* a written acknowledgment, handed by one party to the other, of the manual custody of money or other personalty—will in general fall without the line of the rule; *i. e.,* it is not intended to be an exclusive memorial, and the facts may be shown irrespective of the terms of the receipt * * *. But where the writing is itself the very act, as where it grants a discharge or release of a claim, or embodies a new obligation, it obviously falls within the rule, and its terms cannot be overthrown."

*Wigmore* again says:

"A receipt for money paid is usually intended merely as an evidential admission by one of the parties, and such an admission is never conclusive; it is not an exclusive memorial of the transaction * * * but a release of a claim is usually intended as a *final* memorial."

5 *Wigmore* 312, again says, Cowen, J., in *M'Crea* v. *Purmort,* 16 *Wend.* 460, 473:

"A release cannot be contradicted or explained by parol, because it extinguishes a pre-existing right. The payment of the money discharges or extinguishes the debt; a receipt for the payment does not extinguish the debt; it is only evidence that it has been paid. Not so of a written release; it is not only evidence of the extinguishment; but it *is* the extinguishment itself."

This is especially true of judicial records. 5 *Wigmore* 348, § 2450, Judicial Records, 1814, Ellenborough, C. J., in *Ramsbottom* v. *Buckhurst,* 2 *M. & S.* 565:

"The judgment roll imports incontrovertible verity as to all proceedings which it sets forth; and so much so that a party cannot be admitted to plead that the things which it

professes to state are not true. Every part of the record, as long as it remains on the files of the court, must be taken to speak absolute verity."

1 *Greenl. Evid.* 372:

"Sec. 275—When parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing  *  *  *  and all oral testimony  *  *  *  is rejected."

In the case before the court the defendant desires to introduce oral evidence to vary the terms of a written instrument which was executed for the benefit of the wards to the detriment of such wards.

To permit a fiduciary to come in and offer evidence of that kind is against public policy and against the interest of the helpless wards. *In re Potter,* 249 *Pa.* 158; 94 *Atl. Rep.* 465; *L. R. A.* 1916A, 639; *Wiley* v. *Lashlee* (*Tenn.*), 8 *Humph.* 716.

An exception to the general rule which rejects oral evidence of this nature will be made but only in favor of such third parties as desire to attack the contents of such an instrument. 1 *Greenl. Evid.* § 279.

In an action by a third person, one of the parties to a written document will not be permitted to vary its terms. *Galbreath* v. *Cook,* 30 *Ark.* 417; *Henderson* v. *Mayhew* (*Md.*), 2 *Gill* 393; 41 *Am. Dec.* 434.

In the Galbreath *v.* Cook case, the court said:

"So far as our researches have gone, we find the weight of authority to be that, whilst the party who attacks the deed for fraud may give parol evidence to show that the consideration is not such as is set forth in the deed  *  *  *  the rule does not extend to the parties to the deed."

It is my conclusion, on the merits, that the consideration set forth in the release speaks for itself, "the sum of $7,691.79." It can only refer to money or cash. Its plain meaning may not be changed by parol evidence.

Therefore plaintiffs are entitled respectively to judgment as follows:

Alice R. Adams, $2,000, with lawful interest from January 22d, 1935, to date.

Sarah DeLecroix Reed, $1,000, with lawful interest from January 22d, 1935, to date.

Jeanette Arthur, $2,000, with lawful interest from January 22d, 1935, to date.