## NELSON v. BRADFIELD.

No. 14588—Opinion Filed Jan. 22, 1924.

Rehearing Denied Feb. 26, 1924.

### 1. Replevin—Burden of Proof.

In a replevin action, the burden is on the plaintiff to show that he was entitled to the possession of the property at the time of the commencement of the suit, and where the defendant relies on the defense that the property was purchased by the plaintiff at a foreclosure sale for another party and

not for himself, the burden of proving such defense is on the defendant.

## 2. Appeal and Error—Questions of Fact—Verdict—Conclusiveness.

Where there is a question of fact submitted to the jury, its finding will not be disturbed where the evidence reasonably tends to support the verdict. Held, that in this case the verdict of the jury is not against the weight of the evidence, but on the contrary is amply supported by the evidence, and same will not be disturbed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Cleveland County; W. L. Eagleton, Judge.

Action by G. L. Bradfield against Forest Nelson. Judgment for plaintiff, and defendant appeals. Affirmed.

B. A. McAleer, for plaintiff in error.

J. T. Wheeler, for defendant in error.

Opinion by MAXEY, C. This suit was instituted in the district court of Cleveland county by G. L. Bradfield against Forest Nelson to recover possession of a certain Buick automobile. The parties will be referred to as they appeared in the court below.

The petition is in the ordinary form of a petition in replevin, and the answer consists of a general denial only. The case was tried before the court and jury, and the jury returned a verdict in favor of the plaintiff, Bradfield. A motion for a new trial was filed and overruled and time taken to prepare and serve case-made, and in due time case-made was served, settled, and signed, and the appeal lodged in this court.

There are only two questions presented by the record. First, plaintiff in error complains of the sustaining of objections to certain testimony offered during the trial, which is recited in the record as follows:

Q. "I will ask you if recently Leo Tripp didn't go over to Choctaw county and buy a farm, and if you didn't go with him, and if you didn't furnish the money, and if you didn't put the land in somebody's else name to keep his creditors from getting it?"

This question was addressed to the plaintiff, Bradfield, and was objected to on the ground that it was incompetent, irrelevant, and immaterial and not bearing upon the case, a subsequent transaction that was entered into, and the objection was sustained. Counsel then said:

"I want to make a record on this. Defendant excepts to the ruling of the court and says that the witness if permitted an answer, would answer in the affirmative."

There was a question raised as to whether the defendant could introduce the testimony that he sought to introduce under a general denial. The trial court held that he could not. The defense attempted to set up also that Bradfield bought the automobile for a man by the name of Tripp instead of himself. The automobile had belonged to a negro who took it to Tripp's garage to have it overhauled or repaired. The repair bill ran up something over $400, and the negro was unable to pay the bill, but executed a note and mortgage to Tripp, payable 60 days after date, and when the note came due the negro said he could not pay it and he would have to sell the automobile. Tripp had hypothecated the note and mortgage to the bank with which Bradfield was connected, and Bradfield, upon learning that the negro would not pay off the mortgage, had Tripp advertise the automobile and sell it under the mortgage. There were several bidders at the sale, and Bradfield ran the bid up to $550, and the automobile was knocked off to him, and he applied the amount of his bid to the payment of the note Tripp had given him and secured by the mortgage. There were several witnesses examined, and an attempt was made by the defense to show that Bradfield and Tripp had an understanding that Bradfield was to bid the automobile in for Tripp, but in our judgment, the evidence wholly fails to establish any such fact, and we think the defense undertaken to be proven by the defendant wholly fails, and that the exclusion of the testimony to the fact that after this sale Bradfield had gone with Tripp to Choctaw county and bought a farm for Tripp and took it in someone elses name was properly excluded. The evidence shows that Tripp had been buying second-hand automobiles and running a garage and repair shop, and that Bradfield had taken in several automobiles on loans he had made for the bank and had got Tripp to put them in repair and sell them for him, and he did the same thing with this automobile. After he had bought it he got Tripp to keep it in repair and try to sell it for him. The defendant, Nelson, got a judgment against Tripp in a justice of the peace court in some amount not disclosed by the record, and had an execution issued out of the justice court on said judgment and levied on the automobile in question. Bradfield found out on the day of the sale that they had levied on it and notified the constable that it was his automobile and not to sell it. Tripp was at his home in bed sick and the constable sold the automobile and Nelson, the defendant, bid it off. Bradfield also notified Nelson that the automobile be-

longed to him and demanded possession of it, which Nelson refused, and Bradfield brought this suit to recover possession.

The testimony above referred to that was excluded and instruction No. 2 are the only things complained of. We have disposed of the exclusion of the testimony, and will now take up instruction No. 2 which is as follows:

"You are further instructed that there is no conflict in the evidence as to the sale of the automobile in question under a chattel mortgage foreclosure, neither is there any conflict in the evidence that at that sale, the plaintiff in this action bid car off, for I think $555.

"The contention and the only question for your determination in this case is based upon this one contention, that is, that the purchase of plaintiff at the foreclosure sale was for the benefit of one Tripp, a party who was the judgment debtor in a suit in which a judgment was rendered in favor of some other party. And in this connection you are instructed that the burden of proof shifts from the plaintiff to the defendant upon that question, and before you can find for the defendant in this action, you must believe from a preponderance of the evidence that the purchase under the foreclosure sale was for the benefit of Tripp, and not for the benefit of the plaintiff; who claims to have been the purchaser at the sale."

The objection to this instruction is that the court instructed the jury that the burden of proof was on the plaintiff to make out his case by a fair preponderance of the evidence, and that the whole question for the determination of the jury was based on the contention that the purchase of the automobile by plaintiff at the foreclosure sale was for the benefit of Tripp, and the court instructed the jury that as to the defense set up by the defendant, the burden of proof shifts from plaintiff to defendant upon that question, and before the jury could find for the defendant it must believe from a preponderance of the evidence that the purchase under the foreclosure sale was for the benefit of Tripp, and not for the benefit of plaintiff, who claims to have been the purchaser in the sale. We think this instruction clearly states the law and that there is no error in the instruction. It was purely a question of fact whether Bradfield bought the automobile in good faith, or whether he was trying to cover up the purchase for Tripp. The evidence, in our judgment, on this question preponderates in favor of the plaintiff, and we are of the opinion that the defense set up by the defendant was not established by the testimony. It was a pure question of fact for

the jury, and the case was submitted to the jury under instructions that fairly presented the law of the case, and the rule in this jurisdiction is so well established that where a question of fact is submitted to the jury, and there is a conflict in the evidence that the findings of the jury will not be disturbed unless clearly against the weight of the evidence. As before stated, we think the evidence sustains plaintiff's claim to the automobile, and that the defendant did not establish his claim set up as a defense that he bought the automobile for Tripp. The judgment of the trial court should be affirmed.

By the Court: It is so ordered.