No. 25,200.

C. T. Barton et al., *Appellees*, v. The Butler County Oil Company et al., *Appellees*. (The Arkansas River Gas Company, *Appellant;* John W. Adams, *Claimant,* James M. Reynolds, Receiver, *Appellees.*)

SYLLABUS BY THE COURT.

Attorney's Fee—*Attorney for Receiver of Oil Leases and Property—Fee Not Unreasonable.* It is not error for a court to allow $3,500 as additional attorney's fees for services rendered to a receiver where $3,500 had previously been allowed the attorney as part payment for his services, where the property in the hands of the receiver was oil leases and oil property worth approximately $1,000,000, where the receiver obtained by operating the leases and property $900,000, where there was litigation connected with the receivership, where the court knew of the service that had been performed by the attorney, and where the evidence showed that the services rendered by the attorney were worth from $10,000 to $12,000.

Appeal from Sedgwick district court, division No. 3; Jesse D. Wall, judge. Opinion filed April 5, 1924. Affirmed.

*Thomas C. Wilson, Henry Lampl, Fred B. Stanley,* and *Vincent F. Hiebsch,* all of Wichita, for the appellant.

*Chester I. Long, J. D. Houston, A. M. Cowan, Claude I. Depew, William J. Wertz,* and *John W. Adams,* all of Wichita, for appellee John W. Adams.

The opinion of the court was delivered by

Marshall, J.: This is an appeal by the Arkansas River Gas Company from an allowance of $3,500 as an additional attorney's fee to John W. Adams, who had been appointed by the court one of the attorneys for James M. Reynolds, the receiver of certain oil leases and oil property in controversy in this action. The receiver does not appeal.

The receiver was appointed at the commencement of the litigation, and John W. Adams and Thomas C. Wilson, who were attorneys for the contending parties in the litigation, were by the consent of those parties appointed attorneys for the receiver immediately after the appointment of the latter. The estate consisted of oil leases and oil property valued at more than a million dollars. The receiver, during his administration of the estate, received more than $900,000 in money. There was much litigation connected with the receivership, one part of which was the resistance of a claim against the receiver for $68,000. The claim was allowed for $50,000. John

W. Adams and Thomas C. Wilson had previously been allowed and paid $3,500 each to apply on their claim for compensation as attorneys for the receiver. Soon thereafter, Thomas C. Wilson ceased to act as an attorney on account of conflicting interests. Afterward, W. F. Lilleston was appointed attorney for the receiver, but there was no order discharging John W. Adams, although after the appointment of Lilleston, John W. Adams was not active in performing services for the receiver. Adams filed a claim for attorney's fees in the sum of $6,500 in addition to the $3,500 already allowed and paid.

The court had knowledge of all the services that had been performed by Adams for the receiver in litigation. Evidence was introduced which tended to show that the services of Adams for the receiver were reasonably worth from $10,000 to $12,000. In *Epp v. Hinton,* 102 Kan. 435, 170 Pac. 987, this court said:

"While the court should give due consideration to the opinions of experts and the evidence of other witnesses as to the value of legal services, it is not controlled by such evidence, as the court itself is an expert as to the value of attorneys' services and may apply its own knowledge and professional experience in determining the value of the services rendered." (Syl. ¶ 4.)

The abstracts show that the present application of Adams was heard on April 13, 1923; that when the matter was submitted to the court, it was taken under advisement until April 21, 1923; and that on that day, the following occurred:

"The court: I find that Judge Wilson and Mr. Adams were joint attorneys for the receiver for from, practically, I think April 12, 1920, up to the time of the appointment of Mr. Lilleston, in August, 1922. That it appears from the evidence and from the examination of the papers that the receiver consulted both of them and that both of them acted in that respect and, of course, the record already shows how the appointment of the two attorneys occurred.

"I find where various applications for allowance on account were made at various times when they were acting and that sometime before the change was made in the attorneyship for the receiver there was some allowance made, the exact amount of which I do not at this time remember, but that these allowances to the attorney for the receiver, as the Court recollects it, were made upon account. That there was never a final allowance to Judge Wilson and Mr. Adams, either individually or jointly, and that the amount of the allowance of the money which was paid amounted to $3,500 each—that is to say that Judge Wilson was paid $3,500 and John W. Adams was paid $3,500, but that that did not pay, or it was not intended that that should be in full up to the time of the change of the attorneys for the receiver."

Before the judgment can be reversed, error must be shown. None has been shown.

The judgment is affirmed.