## ROCK ISLAND IMPLEMENT CO. v. FAGERQUIST et al.

No. 13578—Opinion Filed June 10, 1924.

### 1. Statutes—Harmonizing Different Acts.

Two or more statutory provisions relating to the same subject-matter should be construed so as to give effect to all provisions, unless it is made reasonably apparent by the acts that the Legislature intended to repeal prior provisions by implication.

### 2. Sales—Conditional Sale—Lack of Filing —Validity as Against Creditors of Buyer.

By the provisions of section 6018 and 8551, Comp. Stat. 1921, an unrecorded conditional sales contract of personal property, in the absence of fraud, is good against

the claims of a general creditor who has not acquired a lien against the property.

## 3. Judgment not Sustained.

Record examined; held, to be insufficient to support judgment for the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Rock Island Implement Company against Mrs. Fagerquist, on conditional sales contract, for possession of personal property, to foreclose lien to satisfy the remainder of the unpaid purchase price. First State Bank of Ringling intervened and claimed a superior right of possession to the plaintiff. Judgment for defendants. Plaintiff brings error. Reversed and remanded.

Keaton, Wells & Johnston, for plaintiff in error.

Bridges & Vertrees and E. B. Anderson, for defendant in error.

Opinion by STEPHENSON, C. The Rock Island Implement Company commenced its action in replevin against Mrs. Fagerquist on a conditional sale contract, for the possession of certain personal property, for the purpose of foreclosing a lien, reserved to secure the payment of the remainder of the unpaid purchase price. The Ringling State Bank intervened, on the claim that the plaintiff failed to file its conditional sales contract for record, resulting in the bank extending credit which it would not have done otherwise. And that the failure to file the instrument for record rendered the same void as to the bank, as a general creditor. Upon these grounds the bank alleges that its equitable right of possession is superior to that of the plaintiff. The cause was submitted to the court for trial upon an agreed statement of facts, which resulted in judgment for the defendants upon the ground that the failure to file the instrument for record rendered the same null and void. It is sufficient to say that the agreed statement of facts on the part of the bank does not make the point that the vendee was insolvent at the time of the sale and delivery of the wagons to Mrs. Fagerquist, who was engaged in the mercantile business, and that by reason of the possession of the property the vendee was made to appear solvent, and that the bank was thereby induced to extend the credit. In the trial of the case judgment went for the defendants and the plaintiff has appealed the cause to this court. For reversal, the plaintiff assigns as error: (1) The judgment is contrary to the evidence; and (2) the judgment is contrary to the law.

This appeal presents the questions: (1) As to whether failure to file a conditional sales contract for record renders the same void; and (2) whether a general creditor can question the lien, reserved by an unrecorded conditional sales contract, to secure an unpaid portion of the purchase price. The disposition of these questions depends upon the construction given certain statutory provisions. Section 8551, Comp. Stat. 1921, is in the following language:

"Conditional sale must be recorded. Any instrument in writing, or promissory note, evidencing the conditional scale of personal property, which retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument, or a true copy thereof shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept; and when so deposited, it shall be subject to the law and applicable to the filing of chattel mortgages; and any conditional, verbal sale of personal property, reserving to the vendor any title in the property sold, shall be void as to creditors and innocent purchasers for value."

This section may be described as a recording act. The purpose of the act is to authorize the conditional sales contract to be filed in the office of the county clerk, in order that all persons dealing with the property might be charged with constructive notice of the vendor's rights therein. The section provides if the sales contract is not recorded it shall be void as against innocent purchasers. This is the law of all recording acts in relation to notice. If the mere fact of failure to file for record renders the sales contract void, it would not be material that the subsequent encumbrancer was an innocent purchaser. The contract, if void, would not be good against any one. This being a recording act, it should be given the meaning and construction ordinarily given such acts. This means that the unrecorded conditional sales contract is good between the vendor and vendee, and encumbrancers and purchasers with notice. It is also good as against persons who acquire the property without value. If the instrument was not filed for record, it follows that an encumbrancer for value and without notice of the rights of the vendor would take a good title as against the seller.

Section 6018, Comp. Stat. 1921, reads as follows:

"Fraud only invalidates contracts of debt-

or. In the absence of fraud, every contract of a debtor is valid against all his creditors, existing or subsequent who have not acquired a lien on the property affected by such contract."

Section 8551, supra, being a recording act, it merely fixes the rights of the parties in relation to notice. It is not the law of the substance of the contract. The substantive rights are determined by the common law rules and statutory provisions relating to the subject-matter. We must look to the latter rules to determine the extent of the rights created in favor of the parties in the subject-matter of the contract. We must look to section 8551, supra, to determine the extent to which these rights may be enforced against those persons who do not have actual or constructive notice.

Section 6018, Comp. Stat. provides that every contract of the debtor, if it is not fraudulent, should be valid against all his creditors, existing or subsequent, who have not acquired a lien on the property affected by such contract. The effect of this section is to make the unrecorded sales contract good against the general creditor who has not acquired a lien against the property. This provision excludes the bank from the class which may question the conditional sales contract. Section 6018. Comp. Stat. 1921. and the common law rules relating to contracts are the substantive laws which fix the rights of the parties in the personal property. By complying with section 8551, supra. a recording act. the parties may have the full benefit of the rights created by the substantive law. The substantive law gives the right ony to lien creditors to question the failure to file the conditional sales contract for record. This harmonizes with the rules of law for guidance in construing the recording acts as the recording acts do not create any substantive right, but are merely for the protection of such rights. So, the defendant cannot look to the phrase "creditors of the vendee" as describing the class of persons who may attack the conditional sales contract for failure to record. The class who may make such attack is defined by the substantive law of contracts to which reference has already been made herein. Several times since the enactment of these two sections, the Legislature has enacted and put into effect codes containing the two sections in question, giving evidence of the intention of the Legislature to consider the two sections as serving a purpose in our code. The action of the Legislature in this respect is equivalent to construing the sections as having a place in our code, and being in effect. Gardner v. School Dist. No. 887, 34 Okla. 716,

126 Pac. 1018; Muskogee Times Democrat v. Board of County Commrs. of Muskogee, 76 Okla. 188, 184 Pac. 591; U. S. v. Buick Roadster, 244 Fed. 961.

By the provisions of these two sections it would be necessary for the defendant bank to come within the class of lien creditors, in order to attack the unrecorded conditional sales contract. Any other construction would serve to strike down 6018, supra. If the contract was fraudulent, the general creditor could attack it under said section 6018. Section 7650, Comp. Stat. 1921, relating to the recording of chattel mortgage, is very similar to the recording act in relation to conditional sales contracts. The chattel mortgage act provides that the mortgage shall be void as against creditors of the mortgagor, subsequent purchasers, and encumbrancers of the property for value, unless the instrument be filed for record. This court has defined the class of persons who may attack an unrecorded chattel mortgage as being lien creditors, and excludes a general creditor from the class. Chandler v. Colcord. 1 Okla. 260, 32 Pac. 330; Frick County v. Oats, 20 Okla. 473, 94 Pac. 682; Garrison v. Street & Harper, 21 Okla. 643, 97 Pac. 978.

The first two sections of statute herein quoted were before the Circuit Court of Appeals for the 8th Circuit for consideration in the case In re Terrell, 246 Fed. 743. In part the court said in relation to the two sections:

"By the express terms of section 2894, of the Revised Laws of Oklahoma, and by the settled decisions of the Supreme Court of that state, creditors who under sections 4031 and 6745 may successfully challenge the validity of the conditional sales contracts because not recorded, are those only who have acquired or fastened a lien upon the property by judgment or otherwise."

The court in deciding the Terrell Case excluded the question of fraud.

It is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.