### No. 25,371.

C. T. Barton et al., *Appellees*, v. (The Butler County Oil Company), The Arkansas River Gas Company, *Appellant;* The Board of County Commissioners of Sedgwick County, *Appellee.*

#### SYLLABUS BY THE COURT.

Taxation—*Assets of Corporation in Hands of Receiver—Must Be Listed for Taxation by Receiver.* One appointed by a court as receiver of assets of persons, firms or corporations is required by R. S. 79-303 to list for taxation the assets in his hands as such receiver, and this must be done whether the receiver has in his hands all, or a part only, of the assets of such person, firm, or corporation.

Appeal from Sedgwick district court, division No. 3; Jesse D. Wall, judge. Opinion filed July 5, 1924. Affirmed.

*Thomas C. Wilson, Fred B. Stanley, Henry Lampl, Vincent F. Hiebsch,* and *J. B. Patterson,* all of Wichita, for the appellant; *Joseph S. Clark,* and *Henry A. McCarthy,* both of Philadelphia, Pa., of counsel.

*I. N. Williams,* and *W. F. Lilleston,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an appeal by one of the litigants, in a case in which a receiver had been appointed, from an order of the court directing the receiver to pay taxes upon money in his custody and which had come into his hands by virtue of the receivership.

The Arkansas River Gas Company, a corporation, with headquarters at Wichita, was operating, among other properties, what is known as the Parris lease, which is an oil and gas lease on lands in Butler county. The company claimed to be the owner of the

lease or of some specific interest therein and to have the right to operate the same. Other parties claiming to own the lease sued the Arkansas River Gas Company for possession of the lease and an accounting of the proceeds therefrom. In this suit, on April 1, 1920, a receiver was appointed on the application of the Arkansas River Gas Company, though we do not regard that as of any importance in this proceeding. In the application for the appointment it is set out that the Parris lease constituted about sixty per cent of the property of the Arkansas River Gas Company. The lease was one which required operation and development, and the order appointing the receiver gave him "full power and authority to continue the said business of the gas company on said land (the Parris lease in Butler county) in the operations of the development of the same and manage the said business." It further empowered him to employ and pay men in conducting the business and to fully protect the gas company's right and interest and "to collect any and all money due to said gas company from all sources whatsoever, and also from the pipe-line company for oil now in pipe lines taken from the Parris lease; also to collect future money due from the pipe-line company on account of the oils from said land," and the receiver was directed "to use the money received from the oil runs in the tanks and pipe lines on said land to further develop the said land and pay current bills for supplies and materials." By a later order the receiver was authorized to deposit in various Wichita banks moneys received from the operation. The gas company had other holdings which it continued to operate through its managing officials. The receiver was not appointed for the entire assets and property of the gas company, but only for the Parris lease, which was the subject of litigation in the suit then pending.

In the operations of the lease the receiver received and had on hand deposited to his credit in Wichita banks on March 1, 1921, $219,100; March 1, 1922, $302,300; March 1, 1923, $325,100. The receiver made a return in Butler county of the machinery, appliances and taxable property situated in that county used in the operation of the Parris lease, and paid taxes thereon, but he did not list for taxation in Sedgwick county nor elsewhere the money in his custody and on deposit in Wichita banks above mentioned.

The suit in which the receiver was appointed reached this court and was decided favorable to the gas company (112 Kan. 436), and in February, 1923, the receiver turned back to the gas company the

Butler county lease. Other claims were made as to the funds in the hands of the receiver, some of which reached this court (115 Kan. 831, 833), some of which have been adjusted and some of which are still pending. In May, 1923, the receiver made application to the court for instructions as to whether taxes on the money he had in the Wichita banks on the first of March of the years 1921, 1922 and 1923, or any part thereof should be paid. The county treasurer and county commissioners were granted leave and intervened, contending that the money should have been listed for taxation by the receiver, and asked the court to direct the receiver to pay the taxes thereon as though it had been returned for assessment by him in each of the years. The Arkansas River Gas Company objected to the application of the receiver and to the court making any order thereon, on the ground that the court had no jurisdiction to hear and determine the application and make such an order; that the receiver had not been appointed for the assets and liabilities of the gas company and had no authority over or knowledge of such assets and liabilities other than the specific property which had been placed in his hands pending the litigation, for which reason the receiver was unable to make a return on behalf of the gas company or to claim exemption or deductions which the gas company would legally be entitled to; that the funds in the hands of the receiver were taken under order of the court and held pending the litigation; that had the action not been brought the gas company would have expended the moneys as they accumulated for the payment of just debts then due, and that the gas company had made due and legal returns to the county assessor of Sedgwick county for the years 1921, 1922 and 1923, which returns accounted for all moneys in the hands of the receiver on the first of March of each of those years as being the property of the gas company. Smith and Richardson, claimants of a part of the funds in the hands of the receiver, intervened and objected to the court making any order giving the receiver instructions as to the payment of taxes.

Upon the hearing the court found that the moneys in the hands of the receiver on the dates in question had not been listed, as required by law, for taxation, and no taxes thereon had been paid; that they had now been listed by the receiver with the assessor and by him listed and valued and designated on the return as "escaped assessment," and entered at its true value and not twice its real value; that it is undisputed that the lawful aggregate for 1921 was

$2.85; for 1922, $2.92; and for 1923, $3.16; that the taxes due on the sum the receiver had on hands March 1, 1921, was $6,244.35, and the sum on hands March 1, 1922, $8,827.16, and that on hand March 1, 1923, $10,273.16, and the judgment of the court ordered the receiver to pay those sums to the county treasurer.

The Arkansas River Gas Company has appealed, and contends: First, that the receiver is not required under the law to list the property for taxation, for the reason that under the common law property in the hands of a receiver appointed by the court is not subject to taxation; if it is so it must be made so by statute, and that the statute in this state requires a receiver to list property only when he is receiver of the assets of the corporation; that the receiver in this case was appointed only for the purpose of taking charge, and took charge, only of a part of the assets of the corporation, hence that there is no statute requiring their assessment. Second, that the money in the hands of the receiver belonged to the gas company as determined by the final judgment of this court; that the company has made amended returns listing this property as a credit due it from the receiver; that against this credit it is entitled to offset its debts; that by doing so the company has no taxes to pay; that by requiring the receiver to list this property the company is required to pay taxes when by right and under the law it is not liable for any taxes.

It may be noted that only indirectly, at the most, do we have before us the question of how the Arkansas River Gas Company in making its return for assessment should treat the money in the hands of the receiver. It may be, as argued by appellant, that the gas company in making its return may treat the money which it claims as due it, and which is in the hands of the receiver, as a credit from which it is entitled to deduct its debts, though there is argument and some reason for a contrary view. That question, however, was not in issue in the trial court, neither is it a question to be decided here. To illustrate: A has property subject to taxation and is indebted to B. The latter in making his return for assessment may list such indebtedness as a credit and deduct his debts therefrom, but whether he does so or not is entirely beside the question of how A should list his property for the purposes of taxation. So obvious is this, and so many illustrations of its application might be given, that we deem further discussion unnecessary. In this case we are concerned with the question of whether the receiver shall

list the property in his hands. We are not concerned with the question of how the respective claimants of the property in the hands of the receiver should list their properties.

Turning now to the specific question for decision: Should the receiver in this case have listed for taxation and paid taxes on the moneys in his hands on the dates in question? For the purpose of this decision we shall assume appellant to be correct in the contention that the receiver would not be required to do so unless some statute so provides, for ordinarily the listing of property for taxation is a statutory matter. Our statute pertaining to the listing of personal property for taxation contains this provision:

"The property of persons, firms, or corporations, whose assets are in the hands of receivers shall be listed by such receiver." (R. S. 79-303.)

Appellant would have us interpret this statute as though the words "all of" were inserted therein, so it would read, "The property of persons, firms, or corporations, all of whose assets are in the hands of a receiver shall be listed by such receiver," and from this argues that since all of the assets of the gas company were not in the hands of the receiver, none of its assets that were in the hands of the receiver could be listed by him for taxation. There is no merit in this contention. The statute does not so read. The moneys in the hands of the receiver in this case are in fact assets of persons, firms or corporations. Indeed, this is the basis of appellant's complaint, that assets belonging to it are in the hands of the receiver. The interpretation contended for by appellant would enable any corporation to escape a large share of its taxes by having a receiver appointed upon its own application, or by consenting thereto, for all but a small part of its assets. Such a purpose cannot be attributed to the legislature and no authorities have been cited sustaining that view. The statute, correctly considered, creates for the purpose of taxation a separate estate, which is such assets of persons, firms or corporations as are in the hands of a receiver, and requires such separate estate to be listed by the receiver for taxation.

Evidently this is the view taken by the trial court, and its judgment is affirmed.