## C. CRETORS CO. v. McMILLAN et al.

No. 15222—Opinion Filed March 3, 1925.

1. **Sales—Conditional Sale Contract—Validity when Signed by Vendee Alone.**

A conditional sales contract in relation to personal property, reserving the title in the vendor to secure any unpaid portion of the purchase price, is a creature of the common law. The statutes do not prescribe the form of the conditional sales contract. The conditional sales contract is sufficient in this case, although only signed by the vendee. The sales contract so executed is good between the parties and those having actual notice when not filed for record.

2. **Same—Filing of Instrument as Notice.**

Section 8551, Comp. Stat. 1921, provides for depositing the original instrument or a true copy thereof in the office of the county clerk, in the county in which the property is situated, so that constructive notice may be charged to persons undertaking to acquire an interest in the property adverse to the vendor's claims. Section 8551, supra, does not attach any conditions to the sales contract to entitle the same to be received in the office of the county clerk for filing.

3. **Same—Judgment Against Vendor Reversed.**

Record examined; held, to be insufficient to support judgment for the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from Superior Court, Creek County; J. Harve Smith, Judge.

Action by C. Cretors Company against H. C. McMillian and George Vail, doing business under the firm name of Garden Theater, for the possession of a corn popper and peanut roaster, for the purpose of foreclosing a lien against the property reserved to secure the unpaid portion of the purchase price. Judgment for defendants. Plaintiff brings error. Reversed and remanded.

S. A. Denyer, for plaintiff in error.

Ledru Guthrie, for defendants in error.

Opinion by STEPHENSON, C. The plaintiff heretofore sold and delivered to H. C. Kuschke, residing in the town of Shamrock, Okla., Creek county, one corn popper and peanut roaster. The vendee paid a small cash payment and executed and delivered his promissory notes for the remainder of the purchase price. The property was sold and delivered to the purchaser under a conditional sales contract. The conditional sales contract was signed only by the purchaser. The conditional sales contract was deposited in the office of the county clerk of Creek county according to the provisions of section 8551, Comp. Stat. 1921. The defendants later purchased the property from the vendee without actual notice of the conditional sales contract, on record in the office of the county clerk. The first vendee failed to pay the remainder of the purchase price according to the terms of the sales contract. Thereupon the plaintiff commenced its action for the possession of the property against the second vendees for the purpose of foreclosing the contract according to its terms for securing the unpaid purchase price. It was stipulated between the parties that the defendants purchased the property from the first vendee without actual notice of the claims of plaintiff against the property. The court entered its judgment for the defendants and against the plaintiff upon the stipulation. The plaintiff has appealed the cause to this court for review.

The court evidently entered its judgment in the cause upon the theory that the conditional sales contract, as deposited in the office of the county clerk of Creek county, did not operate to give the defendants constructive notice of plaintiffs' title.

A conditional sales contract is a creature of the common law. There are no statutory provisions which prescribe the form in which it shall be executed and delivered. The law does not require the instrument to be acknowledged or attested. Rock Island Implement Co. v. Fagerquist, 99 Okla. 282, 227 Pac. 117.

A conditional sales contract under the common law was good between the vendor and all other persons, without actual notice. It was not necessary for the instrument to be filed for record. It was perhaps thought that incumbrancers for value, without actual notice, suffered undue hardships under the common law rule of construction. Legislative acts in recent years have been passed which make the conditional sales contract void as to incumbrancers without notice, unless the instrument be filed for record. Our Legislature has enacted section 8551, Comp. Stat. 1921, in the nature of a recording act, which renders a conditional sales contract void as to incumbrancers without notice, unless the instrument be filed for record. The recording act does not give any broader scope to the effect of a conditional sales contract than formerly existed at common law. Section 8551, supra, does not attach any conditions or burdens to the conditional sales contract as it existed at common law, in order to be entitled to be filed for record in the office of the county clerk. The recording act is in derogation of the common law in relation to conditional sales contracts and the rule requires a strict construction of the section. Welty v. U. S., 14 Okla. 7, 76 Pac. 121.

Section 7655, Comp. Stat. 1921, prescribes the form for a mortgage of personal property. The section requires either that the instrument be acknowledged or witnessed by two persons. A chattel mortgage in order to be valid must meet with these provisions. The same, or similar, provisions are not applicable to a conditional sales contract. An instrument would not amount to a chattel mortgage unless it was acknowledged or witnessed as is required by statute. Consequently, the filing for record of an instrument which did not constitute a chattel mortgage would not entitle the holder of the instrument to the benefits of a mortgage.

If the law had prescribed particular formal requirements in order to constitute a valid conditional sales contract, it would be necessary to comply with the statutes.

It follows that the court was in error in concluding that the conditional sales contract as executed was not valid, and that the depositing of the instrument in the office of the county clerk did not constitute constructive notice.

The plaintiff is entitled to the possession of the personal property for the purpose of foreclosing its indebtedness against the same according to law.

It is recommended that the cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. pp. 652 (1926 Anno), 662, 663, 682, 683; (2) 35 Cyc, pp. 682, 688; (3) 4 C. J. p. 1164.