## In re MEYERS.
### No. 4901.

District Court, W. D. Oklahoma.
July 6, 1932.

Reynolds, Williams & Ridings, of Oklahoma City, Okl., for trustee in bankruptcy.

Pierce, McClelland, Kneeland & Bailey, of Oklahoma City, Okl., for Spurrier Lumber Co.

VAUGHT, District Judge.

This matter is brought to this court on a certificate of referee to review the findings of the referee on a petition in reclamation of the Spurrier Lumber Company, in which it seeks to reclaim certain merchandise sold to the bankrupt on an unrecorded conditional sale contract. The referee denied the petition of reclamation and the petitioner seeks a review of the order of the referee.

There appears to be no contention of disagreement over the facts in the case. The bankrupt filed his voluntary petition in bankruptcy on September 4, 1931, and was duly adjudicated, and one E. E. Barbee was elected trustee. On October 12, 1931, the Spurrier Lumber Company filed its petition in reclamation seeking the return of equipment used in the grocery store of the bankrupt sold by the petitioner under a conditional sale contract dated May 6, 1931.

A large number of creditors were those who had extended credit subsequent to the time of the execution of the conditional sale contract in question. There is no contention that there was any fraud in this case, and the only question involved is whether or not the holder of a conditional sale contract, unrecorded, is entitled to possession of the merchandise covered by said contract, as against the trustee in bankruptcy.

It is also admitted that the creditors are general creditors, none of whom hold a lien by legal or equitable proceedings, nor are any of such creditors judgment creditors, holding an execution duly returned unsatisfied.

The referee is apparently of the opinion that the filing of petition in bankruptcy, a proper adjudication thereon, and taking possession of the property of the bankrupt vests in the trustee the same powers possessed by a creditor "holding a lien by legal or equitable proceedings thereon [or] * * * a judgment creditor holding an execution duly returned unsatisfied," regardless of prior liens or right of possession.

This matter has been fully determined by the courts in this jurisdiction. The Oklahoma statute has been construed by the Supreme Court of the state; In Re Terrell, 246 F. 743, 748, the Eighth Circuit Court of Appeals has not only followed the construction placed upon the state statute by the state Supreme Court, but has also construed the Bankruptcy Act, § 47a (2), as amended June 25, 1910 (11 USCA §.75 (a) (2); and since at the time of the rendition of said opinion, the state of Oklahoma was a part of the Eighth Circuit, said opinion is binding upon this court. In that opinion the court recognizes a different rule as applicable to unrecorded conditional sale contracts than that applicable to chattel mortgages. Quoting from this opinion:

"The ultimate conclusion of the court is that a chattel mortgage in Oklahoma, though not recorded or possession of the property not taken by the mortgagee when made, yet if possession is taken by him, or the mortgage is filed for record prior to the attaching of liens of other parties, the filing of the mortgage for record has the effect of taking possession, and the rights of the mortgagee will be protected from the date of the filing of the same for record. This, it will be observed, is the rule as to chattel mortgages in Oklahoma; but, as we have before seen, contracts for the conditional sale of personal property in that state and generally, in which the legal title and right of possession are reserved in the vendor until the purchase price is paid though not recorded, stand upon a different footing and are valid as between the parties

and as against creditors of the vendee who have acquired no lien thereon. * * *

"Is this rule changed by section 6745, Revised Statutes of Oklahoma 1910 [now St. 1931, § 11906], or by the Bankruptcy Act as amended June 25, 1910? Section 6745 of the Revised Laws of Oklahoma provides:

" 'Any instrument in writing, or promissory note, evidencing the conditional sale of personal property, which retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept; and, when so deposited, it shall be subject to the laws applicable to the filing of chattel mortgages.'

"This section was enacted in 1897, but we discover nothing therein inconsistent with section 2894 of the Revised Laws, enacted in 1890. The contracts in question were deposited for record in the proper office December 30, 1913, and not until that time, under a literal reading of the section, were they subject to the law of Oklahoma as to the filing of chattel mortgages. But if the true interpretation of the statute be that conditional sale contracts in that state are to be treated as chattel mortgages, and void as to creditors of and innocent purchasers from the vendee unless filed for record, etc., still the legal title and right of possession to the property in controversy remained in the vendor from their date as security for a then present consideration for the property delivered by the plow company to the vendee, and are within the protection of section 67d of the Bankruptcy Act as amended in 1910 [11 USCA § 107(d)]; and the failure to record the contracts does not, under the Bankruptcy Act, change the essential character of the transaction, as these contracts were not converted into a preferential transfer by the bankrupt of his property by the mere failure to file them for record. In re Jackson Brick & Tile Co. (D. C.) 189 F. 636, 645; Deupree v. Watson, 216 F. 483, 490, 132 C. C. A. 543 (Court of Appeals, 6th Circuit). As there are no subsequent purchasers of the property in controversy from the bankrupt, the controversy relates only to the rights of general creditors represented by the trustee.

"Section 47a (2) of the Bankruptcy Act, as amended in 1910 [11 USCA § 75 (a) (2)], provides:

" 'And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon.'

"This section by its terms only vests in the trustee 'the rights, remedies and powers of a creditor holding a lien,' etc., upon property coming into the custody of the court of bankruptcy from the date of the filing of the petition in bankruptcy, if adjudication in bankruptcy follows; but this is far short of declaring that such rights, remedies, and powers are paramount or superior to all prior liens upon or rights in such property; nor does it vest in the trustee a lien upon or right in or to property not in fact belonging to the bankrupt, or in which he has no interest; and it is settled by the decisions of the Supreme Court of Oklahoma that lien creditors by attachment, judgment, or otherwise in that state, reach only the interest of the debtor in such property, subject to prior liens or incumbrances thereon. The rights so vested in the trustee, therefore, under section 47a (2), are only such as any other lienholder might acquire in or to the property of the bankrupt on the date of the filing of the petition in bankruptcy, and if he has no interest in the property, the trustee acquires none. The bankrupt, Terrell, under the contracts had the right to pay the balance of the purchase price to the plow company at any time prior to its taking possession of the property, and prior to the bankruptcy proceedings and thus acquire the full title thereto; and this right vested in the petitioner as trustee upon his appointment and qualification, who undoubtedly might enforce this right of the bankrupt; but this he does not seek to do."

See, also, Martin v. Commercial National Bank, 245 U. S. 513, 38 S. Ct. 176, 62 L. Ed. 441; In re Kramer Mercantile Company (D. C.) 21 F.(2d) 614; In re Abell (C. C. A.) 19 F.(2d) 965, 968.

The court therefore concludes that at the time the conditional sale contract was made between Spurrier Lumber Company and the bankrupt it was made for a valuable consideration, and that the Spurrier Lumber Company retained title to the property so sold until full purchase price thereof had been paid; that the purchase price was not paid; and that therefore the title to the property covered by the conditional sale contract never did pass to, nor vest in, the bankrupt. Therefore, the trustee could not take title to something which the bankrupt never owned.

The fact that the conditional sale contract

was not recorded is immaterial. In Re Abell, supra, from the Seventh Circuit, the court says: "We are of opinion that the language of the decisions must be held to mean that a conditional sale contract, sufficient under the law of the state where made, without recording, passes no title to the purchaser and is good as against the rights of the trustee in bankruptcy under section 47a (2), 11 USCA § 75 (a) (2), because the bankrupt, having no title, can pass none to the trustee."

For the reasons above stated the decision of the referee, denying the prayer of the petitioner, is reversed and is ordered set aside, with directions to proceed in accordance with this opinion.