## In re STEPHENS.

### No. 4828.

District Court, W. D. Oklahoma.

Sept. 1, 1932.

Otjen & Carter, of Enid, Okl., for trustee in bankruptcy.

Everest, McKenzie, Halley & Gibbens, of Oklahoma City, Okl., for Burroughs Adding Mach. Co.

VAUGHT, District Judge.

This matter comes to this court on an appeal from the order of the referee in bankruptcy and involves a construction of section 47a of the Bankruptcy Act as amended in 1910 (11 USCA § 75 (a). This same question was presented in case 4901 in bankruptcy, in the Matter of Arthur W. Meyers, Bankrupt, 1 F. Supp. 673, and decided by this court on July 6, 1932, and were it not for the very earnest and sincere manner in which the trustee has prosecuted this appeal, the court would perhaps dispose of this case by a mere reference to the opinion in the Meyers Case, supra.

The facts are stipulated. The bankrupt purchased an adding machine from the Burroughs Adding Machine Company on July 31, 1920, when the bankrupt was operating a store in Shawnee, in Pottawatomie county, Okl. The adding machine was purchased under a conditional sale contract, which contract contained the following clause: "Title to said goods shall remain in the Burroughs Adding Machine Company, hereinafter

called the Company, until the purchase price therefor is paid in full in cash. Upon full performance and observance by the undersigned (purchaser) of all the terms and conditions hereof at the time specified therefor, the title to said goods shall, without any further action on the part of the Company, be transferred to and vested in the undersigned."

On the 9th day of October, 1930, a duly authenticated copy of said contract was filed with the county clerk of Pottawatomie county, Okl. On the 1st day of January, 1931, the bankrupt moved to Enid, Okl., and operated a place of business there known as The Vogue Shop, and on February 17, 1931, she moved the adding machine to Enid, where the same was used in her business until June 23, 1931, when an involuntary petition in bankruptcy was filed against her.

It is admitted that the contract was not refiled in Garfield county (of which Enid is the county seat) and that the time from February 17 to June 23 was more than one hundred twenty days. Stipulation further admits that there was unpaid and owing upon the conditional sale contract at the time the petition in bankruptcy was filed the sum of $81.08.

This machine was taken possession of by the trustee in bankruptcy along with the other assets of the bankrupt. The Burroughs Adding Machine Company filed a reclamation petition setting forth its claim to said machine and asking that said machine be delivered to the company for the reason that the title to said machine had never passed from the Burroughs Adding Machine Company and therefore that no title passed to the trustee in bankruptcy. The referee in bankruptcy denied the reclamation petition, and the Burroughs Adding Machine Company has appealed by proper proceeding to this court from the order of the referee.

The question has been briefed with much care and at some length by the trustee as well as by the Adding Machine Company, and because of the wide divergence of opinion and the misconception of what the court deems to be the law of this state, I deem it wise, under the circumstances, to state at some length the reasons for the conclusions which the court has reached.

Section 70a of the Bankruptcy Act (11 USCA § 110 (a), is as follows: "The trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors, if he shall have one or more, upon his or their appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all (1) documents relating to his property; (2) interests in patents, patent rights, copyrights, and trade-marks; (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; (4) property transferred by him in fraud of his creditors; (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. When any bankrupt shall have any insurance policy which has a cash surrender value payable to himself, his estate, or personal representatives, he may, within thirty days after the cash surrender value has been ascertained and stated to the trustee by the company issuing the same, pay or secure to the trustee the sum so ascertained and stated, and continue to hold, own, and carry such policy free from the claims of the creditors participating in the distribution of his estate under the bankruptcy proceedings, otherwise the policy shall pass to the trustee as assets; and (6) rights of action arising upon contracts or from the unlawful taking or detention of, or injury to, his property."

Prior to the amendment of 1910, 11 USCA § 75 (a), under the Bankruptcy Act the trustee stood in the shoes of the bankrupt and with no greater rights. York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782. By the amendment of 1910, the trustee not only stands in the shoes of the bankrupt but also of the creditors, and he assumes an unprejudiced and impartial position.

It is the contention of the trustee that the trustee takes all of the property of the bankrupt and in addition thereto he represents the creditors and is vested with all the rights, remedies, and powers of the creditors, and by virtue of said representation assumes the position or attitude of a creditor holding a lien by legal or equitable proceeding. In other words, that the qualification of a trustee in bankruptcy, as such, is equivalent to the fixing of a lien by the creditors, if, under the state law, they could by any process have acquired a lien.

The adding machine company takes the position that, while the trustee represents the bankrupt and the creditors, he represents

them as they were on the date the petition in bankruptcy was filed and he has no greater rights as such representative than the rights actually possessed by the bankrupt and by the creditors at the time of the filing of said petition.

It might be well to suggest at this point that property rights are fixed by state law and Congress has no power, under the Constitution, by legislative act, to add or to take from the rights of the parties as fixed by state law. The Bankruptcy Act is an administrative measure and the sole purpose was to provide an adequate, equitable, economical, and immediate means for the settlement of estates. To determine, therefore, what the rights of the parties were at the time of the filing of the petition in bankruptcy, it is necessary to ascertain what their rights were under the laws of this state.

Section 8551, C. O. S. 1921: *"Conditional sale must be recorded.* Any instrument in writing, or promissory note, evidencing the conditional sale of personal property, which retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept; and when so deposited, it shall be subject to the law applicable to the filing of chattel mortgages; and any conditional, verbal sale of personal property, reserving to the vendor any title in the property sold, shall be void as to creditors and innocent purchasers for value."

Section 6018, C. O. S. 1921: *"Fraud only invalidates contracts of debtor.* In the absence of fraud, every contract of a debtor is valid against all his creditors, existing or subsequent, who have not acquired a lien on the property affected by such contract."

Section 7650, C. O. S. 1921: *"Filing chattel mortgage.* A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers, and incumbrancers of the property, for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated; and a mortgage of personal property situated in portions of this State attached to an organized county thereof for judicial purposes, shall be void against creditors of the mortgagor,

subsequent purchaser, or incumbrancers of the property in good faith for value, unless the original or an authenticated copy thereof, be deposited and filed in the office of the register of deeds of the county to which the territory in which such property is situated is attached for judicial purposes."

Section 7651, C. O. S. 1921: *"Effect of filing—removal from county.* The filing of a mortgage of personal property, in conformity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the preceding section located in the county or counties wherein such mortgage or authenticated copy thereof is filed: Provided, that when a mortgaged chattel is moved into this State, or from one county to another, any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees or incumbrancers for a longer period than one hundred and twenty days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located."

■ Federal courts, in considering state statutes, are bound by the construction placed thereon by the highest court of the state. In McIver v. Williamson-Halsell-Frasier Company, 19 Okl. 454, 92 P. 170, 13 L. R. A. (N. S.) 696, the court says: "Where goods are sold and delivered upon condition that the title shall not pass to the vendee unless the price agreed upon be paid, the vendee has no attachable interest in the property until the performance of the condition."

In Rock Island Implement Co. v. Fagerquist et al., 99 Okl. 282, 227 P. 117, the court says: "By the provisions of sections 6018 and 8551, Compiled Statutes 1921, an unrecorded conditional sales contract of personal property, in the absence of fraud, is good against the claims of a general creditor who has not acquired a lien against the property." The court further says: "Section 6018, Compiled Statutes, provides that every contract of the debtor, if it is not fraudulent, should be valid against all of his creditors existing or subsequent who have not acquired a lien on the property affected by such contract. The effect of this section is to make the unrecorded sales contract good against the general creditor, who has not acquired a lien against the property." And the court concludes: "By the provisions of these two sections, it would be

necessary for the defendant bank to come within the class of lien creditors, in order to attack the unrecorded conditional sales contract. Any other construction would serve to strike down section 6018, supra. If the contract was fraudulent, the general creditor could attack it under said section 6018."

It is stipulated in the case at bar that there is no fraud charged, and that the creditors are not basing any claim upon any transaction that occurred after bankrupt moved to Enid.

The case of In Re Terrell (C. C. A.) 246 F. 743, 749, is a case which was tried in the Western District of Oklahoma and was appealed to the Circuit Court of Appeals of the Eighth Circuit. In this opinion not only is the Bankruptcy Act, § 47a, as amended by the Act of 1910 (11 USCA § 75 (a), discussed and construed, but its application to the Oklahoma Statutes is also discussed and determined. At the time of the rendition of this decision, Oklahoma was a part of the Eighth Circuit, and regardless of any independent judgment that this court might have relative to the merits of the case at bar or as to the construction of either the Bankruptcy Act or the Oklahoma Statutes, it is bound by the rule as laid down in the Terrell Case. This case discusses at great length the various decisions of the federal courts touching this question and the law as determined in that case is in all respects applicable to the law in the case at bar. The substance of this opinion may be stated in one paragraph of the opinion: "This section by its terms only vests in the trustee 'the rights, remedies and powers of a creditor holding a lien,' etc., upon property coming into the custody of the court of bankruptcy from the date of the filing of the petition in bankruptcy, if adjudication in bankruptcy follows; but this is far short of declaring that such rights, remedies, and powers are paramount or superior to all prior liens upon or rights in such property; nor does it vest in the trustee a lien upon or right in or to property not in fact belonging to the bankrupt, or in which he has no interest; and it is settled by the decisions of the Supreme Court of Oklahoma that lien creditors by attachment, judgment, or otherwise in that state, reach only the interest of the debtor in such property, subject to prior liens or incumbrances thereon. The rights so vested in the trustee, therefore, under section 47a (2) [11 USCA § 75 (a) (2)], are only such as any other lienholder might acquire in or to the property of the bankrupt on the date of the filing of the petition in bankruptcy, and if he has no interest in the property, the trustee acquires none. The bankrupt, Terrell, under the contracts had the right to pay the balance of the purchase price to the plow company at any time prior to its taking possession of the property, and prior to the bankruptcy proceedings and thus acquire the full title thereto; and this right vested in the petitioner as trustee upon his appointment and qualification, who undoubtedly might enforce this right of the bankrupt; but this he does not seek to do."

In a later opinion by the Circuit Court of Appeals of the Eighth Circuit, In re Smith-Flynn Commission Company, 292 F. 465, 473, the court reaffirms the doctrine that is expressed in the Terrell Case. This opinion furthermore reviews the Bankruptcy Act, as amended, the various decisions of the federal courts construing same, and concludes: "Section 47a of the Bankruptcy Act, as amended [11 USCA § 75 (a)], must be considered in connection with section 70 (Comp. St. § 9654 [11 USCA § 110]), under which the trustee takes the property of the bankrupt, not as an innocent purchaser, but subject to all valid claims, liens and equities. A bankruptcy court will recognize and allow valid equitable liens. In Britton v. Union Inv. Co., 262 F. 111, this court, speaking through Judge Stone said: 'This position is sound, as against a trustee in bankruptcy, who stands in no better position to avoid an equitable claim of this character under these circumstances than the bankrupt himself.'"

The court, therefore, is of the opinion that the reclamation petition should be allowed. The order of the referee is accordingly reversed, with instructions to proceed in accordance with the opinion herein expressed.