### EALY v. GENERAL MOTORS ACCEPTANCE CORP.

No. 22487.    Sept. 25, 1934.

H. W. Conyers, for plaintiff in error.

Mills, Cohen & Taylor, for defendant in error.

PER CURIAM. The defendant in error, as the plaintiff, brought its action in replevin against the plaintiff in error, on a conditional sales contract, for the possession of a certain automobile, the title to which was reserved in the seller to secure the payment of certain purchase price installments, alleging default in the payment of such installments. The seller under this conditional sales contract was the Mid-West Chevrolet Company, and the purchaser thereunder was one Marvin E. Box. The defendant in error was owner by assignment of the conditional sales contract and all rights and title in said automobile evidenced thereby. The plaintiff in error, W. J. Ealy, was in possession of said automobile, but there is nothing in the record to show what interest or claim of title he had therein.

For the purpose of this opinion the plaintiff in error will be referred to as Ealy or defendant. The defendant in error will be

referred to as the Acceptance Corporation or plaintiff. The original purchaser under the original sales contract will be referred to as Box.

The defendant answered by an unverified general denial.

A jury being waived by both parties, the cause went to trial before the trial court both upon the issues of law and fact.

The plaintiff introduced in evidence the conditional sales contract, evidence as to assignment thereof to it, evidence as to the subsequent default in the payment of the purchase price in the manner fixed therein, evidence of demand made upon both Box and Ealy for payment after such default, and evidence as to the value of the automobile in question.

To this evidence the defendant demurred. Such demurrer was overruled, defendant reserving an exception thereto; and defendant rested without introducing evidence. Judgment was rendered in favor of plaintiff for possession of the automobile in question or its alternative value in the sum of $275.

Defendant's motion for new trial, filed in due time, was overruled, exception being reserved by the defendant.

From this judgment defendant appealed, basing his petition in error upon the following assignments:

"(1) Said court erred in overruling the motion of plaintiff in error for a new trial.

"(2) Said court erred in not rendering judgment for the plaintiff in error.

"(3) Said court erred in rendering judgment for the defendant in error.

"(4) Said court erred in admitting evidence on the part of the defendant in error."

The brief of the plaintiff in error does not submit propositions under specific assignments of error, but raises generally three propositions. Waiving any criticism of this manner of briefing, we will consider those propositions in their order:

Proposition 1. Plaintiff's petition does not state a cause of action.

(1) Under this proposition the defendant contends that under section 11906, O. S. 1931 (8551, C. O. S. 1921), there being no evidence that the conditional sales contract was filed for record, same was void. This contention was made in Rock Island Implement Co. v. Fagerquist, 99 Okla. 282, 227 P. 117; and there it was held that the conditional sales statute is a recording act merely fixing the rights of parties in relation to

notice, and should be given the meaning and construction ordinarily given to recording acts; and that when construed with section 6018, C. O. S. 1921 (10005, O. S. 1931), it could not be held that failure to file such contract for record would, as a matter of substantive law, make such contract void.

(2) It is well settled in this jurisdiction that the burden of proof is upon one seeking to defeat prior titles or equities in real property by the plea of bona fida purchaser or incumbrancer. Exchange Trust Co. v. Godfrey, 128 Okla. 108, 261 P. 197, and authorities therein discussed. The reasoning in Mott v. Nelson, 96 Okla. 117, 220 P. 617, extends this principle to personal property. See, also, Nelson v. Bradfield, 97 Okla. 259, 223 P. 380.

We are not unmindful of the rule that any defense to a plaintiff's action in replevin may be raised under a general denial. But if the defendant, Ealy, had any rights or equities superior to the title or claims of the Acceptance Corporation under the conditional sales contract, and if he was in the position to assert that he had come into possession of said automobile either as an innocent purchaser or as an incumbrancer for value, or that he had been prejudiced by the failure of the plaintiff to file the conditional sales contract for record, upon that affirmative defense he was silent. Applying the reasoning in Mott v. Nelson, supra, the defendant wholly failed to claim bona fides, or to introduce any evidence as to the nature of his possession; and there is nothing in the record upon which to support any complaint as to the judgment by the court on this issue.

Proposition 2. Plaintiff has failed in his testimony in the trial court to establish a cause of action by competent testimony.

(3) We have reviewed the evidence and find evidence reasonably tending to support the judgment of the trial court. Where a jury is waived, and issues, both of law and fact, are submitted to the trial court, its finding will not be disturbed by the Supreme Court if there is any evidence reasonably tending to support the same.

Proposition 3. Incompetent prejudicial testimony was admitted over the objection of the defense.

(4) Under this proposition the defendant complains as to the admission of certain testimony as to the default in payment and as to the assignment of the conditional sales contract to the plaintiff. The plaintiff's argument, without citation of authori-

ties found in his brief on this proposition, attacks the admission of testimony by C. H. Hunt showing the default in payment because he was not connected with the bookkeeping department of the Acceptance Corporation. Upon examination of the testimony of Hunt, it is found that he testified positively as to the default and that the objection to the testimony, if we give to such objection any weight whatever, would go to the weight thereof and not to its admissibility.

The same suggestion may be made as to the objection to the evidence of Hunt showing the assignment of the conditional sales contract to the Acceptance Corporation.

If we were to admit any soundness in these contentions, it would be enough to say that a judgment, rendered in a cause without the intervention of a jury, will not be reversed on account of the admission of incompetent evidence unless the record discloses that there was no competent evidence to support it, or affirmatively shows, in some way, that improper evidence affected the result. Hoodenpyl v. Champion, 101 Okla. 239, 225 P. 160. We do not so find.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys V. E. McInnis, John W. Hayson, and J. D. Lydick, in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. V. E. McInnis and approved by Mr. John W. Hayson and Mr. J. D. Lydick, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.