OKLAHOMA MAYTAG CO. v. WORTHEN.

97 P. 2d 562.

No. 29316. Dec. 19, 1939.

Robertson & Deupree, of Oklahoma City, for plaintiff in error.

Robert W. Maupin, of Oklahoma City, for defendant in error.

DAVISON, J. This is an action in replevin to recover a Maytag Washing Machine. It was instituted in the court of common pleas of Oklahoma county on June 24, 1938, by the Oklahoma Maytag Company, a corporation, as plaintiff, against Mrs. M. Worthen, as defendant.

The cause was tried on the 6th day of February, 1939, resulting in a directed verdict and judgment for the defendant. The plaintiff presents the case on appeal, thus preserving the order of appearance in this court. Our continued reference to the parties will be by their trial court designations.

There is no dispute between the parties as to the facts. On October 16, 1937, Maurine Worthen, a minor under the age of 18, entered into a written conditional sales contract with the plaintiff company pursuant to which the plaintiff delivered to her the Maytag washer, but retained title thereto, subject to subsequent trans-

fer thereof upon full payment of the purchase price. The purchase price of the machine was $143.50. Maurine Worthen kept the machine approximately three months, when she transferred the same to her mother, the defendant herein, having in the meantime reduced the balance due on the contract price to $101.10.

At the time the daughter transferred the washer to her mother she was still under the age of 18. The consideration was the satisfaction of a board bill which was due from her to her mother. The conditional sales contract had been filed of record at the time, thus imparting to the mother constructive knowledge of its existence.

The defendant invoked, and the trial court approved as applicable to the case at bar, the rule announced by the court in Drumhiller et al. v. Norick Motor Company, 144 Okla. 174, 289 P. 698, 69 A. L. R. 1368, wherein we said in paragraph 1 of the syllabus:

"A mortgage executed by a minor under the age of 18 years is not void, but voidable. But where the mortgage has been disaffirmed by the minor by his sale of the mortgaged property before the mortgagee has taken possession of the property, upon and after such disaffirmance the mortgage becomes absolutely void, and the mortgagee has no right to take the property under the mortgage or otherwise, after such property has been sold and transferred to a third party with or without notice of the mortgage."

The defendant takes the position that there is no substantial difference between a chattel mortgage and a conditional sales contract, and that the foregoing rule of law applicable to one should apply with equal force to the other. In urging this point the defendant directs attention to section 11906, O. S. 1931, 60 Okla. Stat. Ann. § 318. That section places conditional sales contracts in the same class with mortgages with reference to their effect upon subsequent purchasers of the property without notice, actual or constructive, of the existence of the contract. Since the contract in the instant case was filed of

record, thus imparting constructive knowledge to the purchaser, the defendant does not fall within the protective provisions of the statute. General Motors Acceptance Corp. v. State, 170 Okla. 355, 40 P. 2d 654; Ealy v. General Motors Accept. Corp., 169 Okla. 95, 36 P. 2d 4.

While a conditional sales contract as well as a chattel mortgage given to secure a portion of the purchase price of a chattel transferred by sale are both connected with a sale transaction and intended to secure the unpaid balance of the sale price, there is a vivid distinction between the two types of contract in that under the conditional sale transaction title remains in the seller. Haubelt v. Bryan & Doyle, 171 Okla. 338, 43 P. 2d 68.

This distinction is one of substance rather than form. Its legal effect may be very important, as, for instance, in determining who should bear the loss in case the property is destroyed. Harley & Willis v. Stanley, 25 Okla. 89, 105 P. 188. It is of controlling importance in the case at bar and renders inapplicable the doctrine of Drumhiller v. Norick Motor Co., supra. The disaffirmance of the sale transaction by the minor by subsequent transfer of the property or otherwise could not operate to divest the seller of the title which it still retained.

A somewhat analogous situation would arise if an adult delivered an article of personal property to a minor under a contract of bailment and the minor should sell the same to some third person charged with notice of the character of the contract under which the minor possessed the property. It is scarcely conceivable that anyone would urge that the minor's act of disaffirmance (if such it be) by attempted sale would operate to divest the bailor of title. While the title of a seller under a conditional sales contract does not possess the absolute characteristics of a bailor's title, the comparison is sufficiently apt to demonstrate the unsoundness of defendant's position.

The case of Drumhiller v. Norick Motor Co., supra, is reported in A. L. R., vol. 69, page 1368, and the subject under discussion was therein annotated (annotations 69 A. L. R. 1371). It was therein pointed out that the doctrine of the Drumhiller Case was not applicable to a conditional sales contract. It is said in the annotation, at page 1378:

"In the case of a conditional sales contract, the situation is essentially different from that under a mortgage, in view of the fact that in such case the vendor never parts with his title until the conditions of the contract are fulfilled. And upon this theory, expressly or impliedly, the vendor has been accorded priority over a subsequent purchaser from the infant; at least, in cases where the transfer by the infant was effected before he acquired an unconditional title to the property."

In Riley v. Dillon, 148 Ala. 283, 41 So. 768, it is pointed out that sale by a minor of personal property held by him under a conditional sales contract could not operate to divest the vendor under the contract of his title. Of similar import is Elder v. Woodruff Hdw. & Mfg. Co., 9 Ga. App. 484, 71 S. E. 806 (later appeal, 16 Ga. App. 255, 85 S. E. 268).

Upon principle as well as upon consideration of the foregoing applicable authorities, we are of the opinion that the plaintiff should prevail in this case, and so hold.

It is noted that some of the language used in the foregoing cases, as well as in the annotations mentioned, supra, is inconsistent with our language and holding in the Drumhiller Case. Our decision herein is based upon the existence of a controlling distinction between the case at bar and our former decision. We neither approve nor disapprove the language mentioned and express no opinion on the soundness of our former decision.

This decision should not be construed in any way as disposing of questions which might be presented with reference to the rights of the parties in con-

nection with the previously paid portion of the purchase price of the property. No question of that character is herein presented.

This case was presented on stipulation of the facts, and it being apparent that the defendant could not strengthen her position on a retrial hereof by the production of additional evidence, our decision of reversal should be, and is, accompanied by directions to render judgment for the plaintiff. 2 R. C. L. 281, par. 236.

Reversed and remanded.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and GIBSON, JJ., concur.